MILLER et ux. v. FIDELITY-BANKERS TRUST CO. et al. NO. 1.
—109 S. W. (2d), 421.

Eastern Section. July 3, 1937.

Petition for Certiorari denied by Supreme Court, Oct. 2, 1937.

Leon E. Easterly, of Greeneville, for appellants.
Phillips & Hale, of Rogersville, for appellees.

McAMIS, J. On March 31, 1930, appellants, complainants below, herein referred to as complainants, executed to M. D. Arnold, Jr., and J. Harry Price, trustees, a deed of trust upon certain lands located in Hawkins county, Tenn., to secure the defendant below, Fidelity-Bankers Trust Company, the repayment of a loan of $20,000. The loan was to be repaid at the rate of $1,000 per year for a period of four years and $16,000 on April 1, 1935, with interest at 6 per cent. per annum from the date of the loan payable annually. The loan was continuously in default after the year 1931 and (omitting any reference to certain proceedings in bankruptcy not perintent to this inquiry) on November 27, 1937, after having advertised the property for sale by publication in a newspaper circulated in Hawkins county, a public sale of the property was conducted at which the defendant Fidelity-Bankers Trust Company became the purchaser at the price of $20,000, that being the highest bid submitted.

Thereafter, and prior to the filing of the bill herein, the Fidelity-Bankers Trust Company negotiated a sale of the property to the defendants below, Rod and Henry Armstrong, at a price less than the amount bid at the sale. This sale has not been consummated for the reason that complainants have refused to surrender possession of the property to the purchasers, Rod and Henry Armstrong.

On January 16, 1937, complainants filed the bill herein attacking the sale and trustee's deed made pursuant thereto and praying that the same be declared void and of no effect and that the defendants Rod and Henry Armstrong be enjoined from taking possession of said property or consummating their purchase from the trust company. A fiat for injunction was issued, as prayed, which was dissolved, at chambers, upon motion of the defendants based upon the bill and answer and exhibits thereto. The complainants below appeal.

The burden of the attack made upon the foreclosure proceedings, as contained in the original bill, is, first, that the surviving trustee, M. D. Arnold, Jr., who posted the notices of sale and executed the purported trustee's deed, was not present at the sale but undertook to delegate to the defendant W. E. Newell the duty of crying the sale and, secondly, inadequacy of the sale price, the bill alleging that the bid of $20,000 "does not represent more than half the value of

the property." At the hearing of the motion to dissolve the injunction, complainants amended the bill and alleged that the foreclosure of the deed of trust was void for the further reason that the property was sold as a whole rather than in subdivisions, as requested by complainant, prior to the sale. We proceed to a consideration of these grounds of attack before considering the other assignments of error.

In support of their contention that the sale was void because not conducted in person by the surviving trustee, M. D. Arnold, Jr., complainants rely upon the following provision of the deed of trust:

"In case of death, absence, inability or refusal to act on the part of both of said parties of the second part, at any time when action under this deed is required, the owners of the debt herein secured are authorized and empowered to nominate and appoint a successor to execute the trust herein, which appointment shall be in writing and duly recorded in the Register's Office of Hawkins County, Tennessee, and the powers herein and hereby conveyed to said parties of the second part shall be vested in said successor and said parties of the first part do hereby waive the necessity of the said parties of the second part or their successor making oath, filing inventory or giving bond and security for the execution of this trust."

It is alleged that no instrument appointing the defendant W. E. Newell successor to the defendant M. D. Arnold, Jr., trustee, was ever executed or recorded as required by the foregoing provision of the deed of trust, and that, the defendant W. E. Newell being without authority to cry the sale, the foreclosure and subsequent attempted sale of the property to the Armstrongs were void and of no effect.

By the answer, to which is filed as an exhibit the deed of trust, defendants deny that it was necessary to execute and record such an instrument where, as in this case, the trustees named in the deed of trust executed and published the notices of sale and executed a trustee's deed to the purchaser, and rely upon the following provisions of the deed of trust:

"Said foreclosure sale may be made by party of the second part in person or by his agent or attorney, if he should not be personally present, and the said parties of the second part or their successors shall make a deed to the purchaser; the owner of said debt may bid and purchase at said sale."

Considering these two provisions of the deed of trust, pari materia, we think the first must be said to have reference to a situation where a foreclosure may not be had by the named trustee because of his death, absence, inability, or refusal to act so that the holder of the debt will not be required to resort to court proceedings to have a foreclosure, and that the second provision, relied upon by defendants, applies to a case where the named trustee, having posted notices of sale, is unable to be present at the time and place of sale.

In such case it is provided that the named trustee may delegate to some one as his agent or attorney the duty of crying the sale and thus avoid the necessity of a readvertisement of the property. Under the latter provision of the deed of trust we think it was competent for the named trustee to select an agent to cry the sale for him in his absence.

Except as to the construction of the deed of trust, the precise question now under consideration was before the court in Vawter et al. v. Federal Land Bank, 103 S. W. (2d), 599, decided by the Western Section of this court on February 21, 1936, petition for certiorari denied by the Supreme Court on July 3, 1936. The same contention was made and overruled in that case, and an extended discussion of this question is not required. Suffice it to say that, under our construction of the deed of trust, and the holding of the court in the case referred to, we do not think the foreclosure was void for the first reason assigned, assuming the fact to be as alleged, and as admitted in the answer, that the defendant W. E. Newell, at the time he cried the sale, was an officer and agent of the Fidelity-Bankers Trust Company. It is not alleged that the sale was not openly and fairly conducted, or that bidding was suppressed, or other advantage taken of complainants by reason of this fact and, in the absence of such allegation, the presumption obtains that the trustee and his agent, duly named pursuant to a provision of the deed of trust, acted fairly and honestly and without oppression.

Assuming our construction of the deed of trust to be the correct one, no facts are alleged either in the original bill or in the amended bill upon which to base a finding of fraud, and the inadequacy of price alleged in the bill, standing alone, is not a sufficient predicate for adjudging the invalidity of the foreclosure. Doty v. Federal Land Bank, 169 Tenn., 496, at page 506, 89 S. W. (2d), 337, 90 S. W. (2d), 527, and see Tennessee cases cited by the author of the opinion, Mr. Chief Justice Green.

It is true the bill alleges fraud in general terms, but this is not sufficient. The circumstances upon which the charge is made must be stated in the pleadings. Lee, Tolley Co. v. Marr, 12 Tenn. App., 505. Lack of proper allegations with reference to fraud may be taken advantage of by demurrer. Mackie v. Fuqua, 14 Tenn. App., 176. Consistently, and upon like reasoning, the failure of the complainants to allege the facts and circumstances upon which the charge of fraud is based may be taken advantage of by defendants upon motion to dissolve based upon bill and answer.

Complainants, by the amended bill, do not allege facts sufficient to bring them within the provisions of section 7802 of the 1932 Code by proffering to the trustee, or person making the sale, a plan of subdivision of the lands to be sold as required by the provisions

of the statute. But, if so, the refusal of the person making the sale to accede to the demand of the owner of the property, in this respect, would not operate to invalidate or render voidable the sale, but the remedy would be an action for damages. Doty v. Federal Land Bank, supra.

The foregoing, we believe, disposes of all of the assignments of errors either directly or in principle except those dealing with alleged errors of procedure. These we now consider.

The first of these, and the one most earnestly pressed, is the action of the chancellor in hearing oral testimony at the hearing upon the motion to dissolve. Assuming the correctness of our holding above that the chancellor was correct in dissolving the injunction upon bill and answer, it becomes unnecessary to consider this question, since, as we have done, this evidence may be disregarded and the chancellor affirmed under the rules pertaining to hearings upon bill and answer.

It is also insisted that the chancellor erred in dissolving the injunction for the reason that no formal motion was made at the hearing. The decree recites that the case was heard upon motion of defendants for a dissolution of the injunction. The decree below is presumed to be correct. We must assume that the motion was made, as recited in the decree, although no written motion appears in the record. Moreover, it does not appear that any objection was made to the hearing upon the ground that no formal motion to dissolve had been made in writing. Doubtless, the parties treated the written notice of the hearing, which states that the motion would be made upon bill and answer and exhibits, as a formal motion to dissolve. This question cannot be raised for the first time upon appeal.

We do not think there was any error in the action of the chancellor in requiring complainants to execute an indemnity bond in the penalty of $2,500 to cover the rental value of the property, pending this appeal, and the assignment upon that ground must be overruled.

We find no error in the decree as entered, and it results that all of the assignments of error must be overruled and the decree affirmed, with costs. Appearing in the record is a stipulation of counsel with respect to an agreed judgment, affecting an unlawful detainer suit involving the same property involved in this case, in event the decree below should be affirmed, and this portion of the decree will be submitted to counsel for their approval before the decree to be here entered is placed upon the minutes.

Ailor, J., concurs.

Portrum, J., did not participate in the hearing and disposition of this case.