H.C. DUKE, Plaintiff-Appellant,

v.

Sam DANIELS and wife, Edna Daniels, Defendants-Appellees.

Court of Appeals of Tennessee, Western Section, at Nashville.

Aug. 25, 1983.

Application for Permission to Appeal Denied by Supreme Court Nov. 28, 1983.

John D. Wiethe, Nashville, for plaintiff-appellant.

C. Edward Fowlkes, Nashville, for defendants-appellees.

NEARN, Presiding Judge, Western Section.

The plaintiff filed suit against the defendants seeking judgment for the deficiency balance remaining on a note after a foreclosure sale on real property which secured same. The Chancellor, after a bench

trial, found that the value of the real property, which was bid in by the plaintiff at the foreclosure sale, met or exceeded the balance due on the note and therefore dismissed the complaint. Plaintiff appeals.

The issue on appeal is whether the Chancellor erred in his consideration of the proof.

The nature of the pleadings should be considered.

The complaint sets forth the residency of the parties; the execution of the note and default in payment thereof; the foreclosure of the security; the fact that the security was bid in by the plaintiff-mortgagee at the foreclosure sale for the sum of $8,000.00 and that there remained a deficiency for which judgment was sought. The answer admits residency; the execution of the note and security instrument; admits default and neither admits nor denies but demands proof of all other allegations save the balance due which is denied and strict proof demanded thereof.

■ Although filed in Chancery Court the suit is not one of an inherently equitable nature. It is a suit at law over which the Chancery Court has concurrent jurisdiction T.C.A. § 16–11–102. *Gibson's Suits in Chancery* 6th Ed. § 8.

The answer raises no equitable defenses. In fact, no affirmative defenses at all are raised by the answer.

As to the proof, plaintiff's proof conformed to the complaint and plaintiff stated that he was the only one to appear at the sale and that he bid it in for $8,000.00 as it was his opinion that such was its value at that time due to its poor state of repair. The principal balance due at time of default was $17,647.00 leaving a deficiency $9,647.00 plus interest, costs and attorney fees. The defendant admitted the execution of the note and his default and did not question the propriety or manner of the foreclosure sale.

Over the objection of the plaintiff the defendant Sam Daniels was allowed to testify to his idea of the value of the property and its state of repair at the time of the foreclosure sale.

The final decree of the Chancellor states what the Chancellor thought to be the issue and fairly well sums up the proof. It is as follows:

The fundamental issue in this case is the value of the real estate at the time of the foreclosure. Both parties offered uncorroborated testimony to establish value. According to the plaintiff, the value was $8,000.00. The defendants value the property at $21,000 to $22,000. Without any corroborating testimony, the only basis for determining value is to determine which parties' testimony seems most reasonable.

The defendants lived in the house for a number of years and presumably are more familiar with the condition of the property. Moreover, the plaintiff could not show any basis for his assertion that it would cost $10,000.00 to repair the property. He simply testified to that amount. Finally, the plaintiff's estimate makes no provisions for any enhancement in value which might have occurred. The Court accepts the value of $21,000 to $22,-000 offered by the defendants.

The plaintiff has thus not proven that he is entitled to a judgment for any deficiency. His complaint is dismissed at his costs.

We are of the opinion that the Chancellor correctly stated that the issue on trial was the value of the real estate at the time of the foreclosure. However, we are also of the opinion that he erred as a matter of law in considering the values of $21,000.00 to $22,000.00 as stated by the plaintiff.

■ In this case, fraud would be an affirmative defense which must be pleaded. Rules 8.03 and 9.02 T.R.Civ.P.; *Hopkins vs. Hopkins*, (1978 Tenn.) 572 S.W.2d 639; *Maxwell vs. Land Developers, Inc.*, (1972 Tenn.App.W.S.) 485 S.W.2d 869. That the foreclosure sale was properly held, was admitted. Where such sale is properly held, the sale price is conclusively presumed to be the value of the property sold; unless, the sale price is so grossly inadequate to shock

the conscience of the Court. *Union Joint State Land Bank vs. Knox County,* (1936 E.S.) 20 Tenn.App. 273, 97 S.W.2d 842. Gross inadequacy is merely a method by which one attempts to prove fraud with the aid of a presumption. Without there being at least a charge of fraud in the pleadings it would be inadmissible as the required claim or defense (as the case may be) of fraud must be pleaded and must be pleaded with specificity, not generally. *Petty vs. Call,* (1980 Tenn.) 599 S.W.2d 791.

■ However, if it can be said that the requirement of affirmative defenses has been waived by the plaintiff, it is evident from the Chancellor's decree that he placed certain burdens of proof upon the plaintiff which are unwarranted. First, since no irregularity in the sale is raised, the presumption is that the price brought at the public sale is the cash market price of the property. *Union Joint State Land Bank vs. Knox County, supra.* Second, if the defendant desired to overcome that presumption by showing gross inadequacy, that burden of proof was on the defendant. A reading of the final decree shows that the Chancellor was of the opinion that there was a burden on the plaintiff to prove the value of the property over and above the presumption that accompanies a validly conducted sale. Unless the sale was improperly had, that burden is not on the plaintiff. The Chancellor faulted the plaintiff for not proving his assertion made that it would cost $10,-000.00 to repair the property. This assertion was made when plaintiff explained why he bid the property at $8,000.00. Again, this burden was not on the plaintiff nor was there any burden to take into consideration "enhanced values." The public sale price took all that into consideration.

■ Also, as may be seen by the decree, the question of the gross inadequacy of the sale is not mentioned. No gross inadequacy was found. The value of the property sold at a foreclosure sale is not looked to in a deficiency case unless there is a charge of fraud in the manner of sale or a charge that it was grossly inadequate. See *Jones vs. Thomas,* (1955 W.S.) 41 Tenn.App. 503, 296 S.W.2d 646; *Brown vs. P'Pool,* (1942 M.S.) 25 Tenn.App. 629, 166 S.W.2d 633; *Sawtelle vs. Astor,* (1938 W.S.) 23 Tenn.App. 33, 126 S.W.2d 367; *Miller vs. Fidelity-Bankers Trust Co.,* (1937) 21 Tenn.App. 289, 109 S.W.2d 421; *Union Joint State Land Bank vs. Knox County, supra.*

■ If, by the proof, we consider the matter of gross inadequacy before the Court, it is our opinion that the evidence will not sustain a value of $21,000.00 to $22,000.00 as found by the Chancellor. We hold as a matter of law that absent an irregular sale, the uncorroborated statement of the debtor that the secured property was worth more than the public sale price is insufficient to overcome the presumptive value established by the price obtained at a public sale.

For the reasons stated the judgment below is reversed and the cause remanded for such proceedings as necessary for the entry of a judgment for the deficiency, with interest and reasonable attorney fees as provided in the instrument. Costs of appeal are adjudged against the appellees.

TOMLIN and CRAWFORD, JJ., concur.