IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 9, 2008  Session

**JOHN WESLEY GREEN v. EDNA L. GREEN, ET AL.**

**Appeal from the Chancery Court for Davidson County**
**No. 05-2817-II     Carol L. McCoy, Chancellor**

_____

**No. M2007-00591-COA-R3-CV - Filed November 4, 2009**

_____

Judgment debtor filed motion seeking to enjoin execution sale at which stock owned by debtor in judgment creditor corporation was scheduled to be sold; alternatively, debtor sought to quash the execution, alleging that the stock was exempt property.  At execution sale, debtor's stock was purchased by judgment creditor.  Debtor subsequently sought to have execution sale set aside, alleging that there were defects in the manner in which the sale was conducted and asserting that the trial court should have held a hearing on his motion to quash the execution prior to the sale. Following a hearing the trial court denied relief holding that debtor had not pursued his request for injunctive relief and that the motion to quash was moot.  Debtor appealed.  While this case was pending on appeal, the Tennessee Supreme Court reversed the summary judgment against debtor, which led to the monetary judgment the execution sale was held to enforce and remanded for a trial on the merits.  Having determined that the resolution of the issues raised in this appeal is subject to factual determinations which are within the scope of the remand, we vacate the decision of the trial court and remand this case for consideration in light of the issues to be determined.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., J., joined.  PATRICIA J. COTTRELL, P. J., M.S., not participating.

James D. R. Roberts and Janet L. Layman, Nashville, Tennessee, for the appellant, John Wesley Green, individually and as a Shareholder of Champs-Elysees, Inc.

Eugene N. Bulso, Jr. and Emily R. Walsh, Nashville, Tennessee, for the appellees, Edna L. Green, Mark A. Green, Arthur Fourier, individually and as the Board of Directors for the Shareholders of Champs-Elysees, Incorporated.

# MEMORANDUM OPINION[1]

This appeal arises out of an execution sale of John Wesley Green's ("Mr. Green") stock in Champs-Elysees, Inc., ("Champs-Elysees") held to satisfy a judgment entered against him; Champs-Elysees, the judgment creditor, was the purchaser of the stock. Mr. Green initially sought to enjoin the execution sale and to assert a claim that the stock was exempt from execution; the execution sale, however, took place as advertised. Following the sale, Mr. Green sought to have the sale set aside and the stock returned to him, alleging numerous defects in the manner in which the execution sale was advertised and conducted. He appeals the trial court's denial of relief.

This Court previously entered an order holding this appeal in abeyance pending the resolution by the Tennessee Supreme Court of *John Wesley Green v. Edna L. Green, et. al.,* M2006-02119-SC-R11-CV, the case giving rise to the judgment which the execution sale at issue in this case was held to enforce. On August 26, 2009, the Supreme Court issued its decision in the referenced case, reversing the summary judgments against Mr. Green, reversing the trial court's denial of Mr. Green's motion to amend his complaint and remanding the case for trial on the complaint, as amended.[2]

Following the action of the Supreme Court, the parties were invited to file a supplemental brief in this case addressing their position relative to the impact on the instant appeal, if any, of the Supreme Court's decision. In his brief, Mr. Green correctly notes that, as a result of the Supreme Court's decision, his original action to enforce his purchase of Edna Green's shares of Champs-Elysees stock and the claim of Champs-Elysees against him for misappropriation of funds are before the court for trial; in addition, Mr. Green will be allowed to file an amended complaint on remand. He also asserts that, as a result of the ruling, he is entitled to a return of the stock.

The reversal of the judgments upon which the execution sale was based, contrary to the insistence of Mr. Green, does not entitle him to a return of the stock. Tenn. Code Ann. § 27-6-112 provides as follows:

> If the judgment or decree below has been executed by a sale of property, either real or personal, before the writ of error is obtained and supersedeas granted,

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] In the underlying action, Mr. Green sued Edna Green to enforce an agreement whereby she agreed to sell her stock in Champs-Elysees to him. Ms. Green counterclaimed seeking rescission of the agreement. Champs-Elysees was permitted to intervene in the suit and filed a counterclaim against Mr. Green to recover allegedly misappropriated funds. The trial court subsequently granted summary judgment to Edna Green and Champs-Elysees.

the right, title and interest of any purchaser, previously acquired under the judgment or decree, shall not be disturbed or affected by the reversal of such decree.

By its terms, the statute applies to **any** purchaser and does not contain an exception for a purchaser of property sold at an execution sale who is also the judgment creditor. Consequently, the right, title and interest which Champs-Elysees acquired in the stock previously owned by Mr. Green is not "disturbed or affected " by the Supreme Court's decision. Thus, on remand, Mr. Green is entitled to seek recovery of the proceeds of sale, but not the shares of stock. *See Orlando Residence, Ltd. v. Nashville Lodging Co.,* 104 S.W.3d 848 (Tenn. Ct. App. 2002).

We are, however, of opinion that the Supreme Court's reversal of the trial court's grant of summary judgment to Edna Green on her claim for rescission and remand for a trial on the merits, with Mr. Green being allowed to amend his complaint, necessitates that the trial court's decisions in this case be vacated and the case remanded for further consideration in light of the issues to be tried on the remand of the underlying case. There are factual questions inherent in this appeal relating to the stock at issue that will not be decided until trial is held on the merits of the underlying case; resolution of these questions, as more fully set forth hereinafter, is necessary in order to fully address the issues raised in this appeal.

Mr. Green's contention in this appeal is that the levy, execution and sale were "defective in several ways, including refusal to serve the proper party; that the Sheriff's lien did not attach to any property; the Judgment Creditor's refusal to affix the list of exempt property to the levy; and the misspelling of the property to be sold in the sale notice." In addition, he complains of the failure of the trial court to hold a timely hearing on his motion to quash the execution and the denial of his motion to set aside the execution sale and to alter or amend the court's holding that the motion to quash was moot.

Judgment against Mr. Green and in favor of Champs-Elysees in the amount of $46,600 was entered on July 21, 2006 in the underlying case.[3] Post-trial motions filed by Mr. Green were denied and Mr. Green appealed; no supersedeas bond was filed. On September 15, Mr. Green filed a statement with the Clerk and Master listing the following items and their corresponding values as property exempt from execution:[4]

| | |
|---|---|
| 1 European Chest | $3,000.00 |
| 1 Side Table | 500.00 |
| Stock in C-E | unknown |

---

[3] The execution lists the date of judgment as July 17, 2006.

[4] The statement also listed a computer/printer and reference books, with a total value of $1,000.00 as "exempt tools of the trade."

The execution was issued on November 3, 2006; it reflects that it was received by the deputy sheriff on November 6 and served on Mr. Green on November 30. The property to be executed upon was identified in the execution as "Judgment debtor's stock in Champs-Elysees, Incorporated (see attached) to be sold pursuant to T.C.A. Section 26-5-106." Appearing in the record is also a copy of the notice of the sheriff's sale dated November 30, setting the sale of "22,000 shares of stock in Champs-Elyees Inc as represented by a certificate of ownership" for December 22, 2006.[5] Also appearing in the record is a document styled "Champs-Elysees Incorporated Certification of Ownership" signed by Mark Green, Secretary and dated October 20, 2006, stating as follows:

> I, Mark Green, being the duly elected Secretary of Champs-Elysees, Inc., hereby certify that as of the record date of Friday, October 20, 2006, John Wesley Green is the record owner of 22,000 shares of the common stock of Champs-Elysees, Inc., representing 22% of the outstanding and issued common stock of the Company, as evidenced by Certificate No. 13 issued on May 1, 1990.

On December 14, 2006, Mr. Green filed a document styled "Motion For Temporary Injunction (Restraining Order) Or In The Alternative Motion To Quash Execution And/Or Motion To Stay Execution Pending Appeal," adding the "Davidson County Sheriff Department/Metropolitan Government of Nashville, Acting on behalf of Defendants" to the caption of the case. The motion asserted, *inter alia,* that: (1) Edna Green and Champs-Elysees, Inc., "intentionally timed the execution and 'notice of sale' to prevent Plaintiff the opportunity to file this Motion to Quash and/or seek other relief in the normal manner"; (2) that the sheriff's office was "attempting to sell personal property . . . which he admit[ted] [was] not in his possession"; (3) that the sheriff's department "ha[d] not taken possession of the property (stock certificate) and therefore the judicial lien ha[d] not attached. The defendants are conspiring to sell property that they do not possess . . ."; (4) the notices of sale misspelled the name of the corporation, thereby "rendering the notice defective"; (5) the notice of sale "[was] for stock in a different corporation and not related to Champs-Elysees, Incorporated"; (6) and that a third party had a perfected security interest in the stock certificates, which was not disclosed in the notice of sale. Mr. Green sought a temporary restraining order preventing the sale of the stock and a hearing to determine if Edna Green and Champs-Elysees could sell the stock. A restraining order tendered with the motion was not entered.

Champs-Elysees responded to the motion asserting, *inter alia,* that "there exists no valid stock certificate for [John Green's] ownership interest in Champs-Elysees" due to the asserted failure of the certificate to meet statutory requirements; that any security interest held by a third party in the stock was invalid; that the writ of execution was not defective; and that the typographical error was not a sufficient basis for enjoining the sale of the stock.

On December 19 the Chancery Court issued an order setting a hearing on Mr. Green's motions for January 5, 2007. The execution sale was held on December 22. On January 18, the

---

[5] An "s" was handwritten between the "y" and the "e" on "Champs-Elyees" and the words "as represented by a certificate of ownership."

court entered an order relative to the January 5 hearing holding that Mr. Green "has not pursued his request for a restraining order or temporary injunction, and such relief is accordingly DENIED" and holding that "[Mr. Green's] Motion to Quash is moot." On January 19, Mr. Green filed a motion to alter or amend the judgment or, alternatively, to set aside the execution sale, which the court denied by order entered February 9.

Mr. Green states the issues before this Court as follows:

1. Whether the Sheriff's seizure and sale of exempt property is unconstitutional and in violation of Tenn. Code Ann. § 26-2-102.
2. Whether the Sheriff's lien can attach when service is made on the incorrect entity under Tenn. Code Ann. § 47-8-112.
3. Whether significant constitutional and statutory defects in the levy, its service, and the subsequent sale of appellant's property rendered the entire proceeding void.

Champs-Elysees articulates the issues thusly:

1. Whether the trial court properly denied appellant's Motion to Alter or Amend Order Denying Motion to Quash or in the Alternative Motion to Set Aside Execution Sale.
2. Whether the trial court properly rejected appellant's arguments based upon alleged defects in the conduct of the execution sale
3. Whether the appellant is precluded from raising on appeal arguments and issues never presented to the trial court.

The controversies in both cases center on stock issued by Champs-Elysees; in this appeal, the stock owned by Mr. Green, which was executed upon and apparently sold at the execution sale, is at issue. We note the existence of factual questions related to the legitimacy of all stock issued by Champs-Elysees and which affect the issues presented by Mr. Green in this appeal.[6] Champs-Elysees contends that the certificate issued to Mr. Green as well as other stock issued by the corporation failed to meet statutory requirements. The question of whether any stock was properly issued leads to the question in this case of what, if anything, was claimed as exempt from execution

---

[6] We echo the Supreme Court's notation that its decision was "drawn from the current record on appeal" and that "[b]ecause the parties have yet to have a full hearing with regard to these facts, our inclusion of any particular fact . . . should not be construed as conclusive fact-finding that prevents the parties from presenting additional evidence regarding the fact or as preventing the trial court from making contradictory findings of fact based on the evidence actually presented by the parties." Any effort to resolve the issues in the instant appeal would be dependent upon, and subject to revision by, the determination of facts which are before the trial court on remand in the underlying case.

by Mr. Green and what was sold at the execution sale.[7] In this regard, the record contains a partial transcript of the November 22, 2005 hearing on Mr. Green's first application for temporary restraining order wherein the court as well as counsel expressed uncertainty and confusion as to whether stock certificates were actually issued and, if not, whether the contract to purchase Edna Green's stock which Mr. Green sought to enforce was the product of a mutual mistake. Also, at the January 5, 2007 hearing on Mr. Green's motion, the trial court stated:

> . . . we have not had an evidentiary hearing and thus, we don't have evidence as to the existence of a stock certificate as a result of the lawsuit that I heard - - or didn't hear - - and I have made no ruling on the existence of the stock certificates.

We also note a corollary question as to the value of the stock. One of the claims of Mr. Green in this appeal is that his claim that the stock was exempt property was ignored and that the court erred in failing to hold a hearing on the claim of exemption in accordance with Tenn. Code Ann. § 26-2-408. In light of the questions relating to the validity of the stock it is unclear what matters would have been before the court relative to the value of the stock had such a hearing been held; indeed, Mr. Green himself failed to assign a value to the stock on the statement claiming the exemption.

In addition, as noted above, Mark Green, as "duly elected Secretary" of Champs-Elysees, signed a document styled "Champs-Elysees Incorporated Certification of Ownership" which was included in the notice of the Sheriff's sale. The Supreme Court's opinion reversing the underlying judgment, however, notes that Mark Green was elected secretary at the shareholders' meeting during which Mr. Green's insistence that he had purchased Edna Green's shares of stock was rebuffed; this raises questions about Mark Green's authority to issue the certificate of ownership.[8]

Among the questions for trial in the underlying case will be the validity of the stock issued by Champs-Elysees. The resolution of the issues raised in this appeal by Mr. Green is directly impacted by the validity of the stock claimed as exempt and sold at the execution sale. If the stock was not valid, then Champs-Elysees bought nothing at the execution sale; in that event, our review of issues related to the execution sale would be advisory, at best. If the stock was valid, Mr. Green

---

[7] Tenn Code Ann. § 48-16-206(a) provides:

> Shares may but need not be represented by certificates. Unless chapters 11-27 of this title or another statute expressly provides otherwise, the rights and obligations of shareholders are identical whether or not their shares are represented by certificates.

Whether or not the stock in the corporation was properly issued and sold at the execution sale may have a bearing on the question of whether the proceeds of the execution sale accurately reflected the value of Mr. Green's interest in the corporation. *See Orlando,* 104 S.W.3d at 855 (*citing Holt v. Citizens Central Bank*, 688 S.W.2d 414, 416 (Tenn. 1984) *("*we give conclusive effect to the sale price, absent 'some evidence of irregularity . . . or unfairness. . . .").

[8] As noted by the Supreme Court: "[a]s a result of this meeting, the balance of power shifted at Champs-Elysees. [Mr.] Green was removed as a director and officer of the corporation . . . ."

may be entitled to recover the proceeds of sale but not the shares of stock. *Orlando Residence, Ltd., supra.* To the extent he contends that the sale was tainted by "irregularity, misconduct, fraud or unfairness" on the part of Champs-Elysses in connection therewith, the sale price is not conclusive and Mr. Green is entitled to introduce proof in support of his contentions. *Id., citing Holt v. Citizens Central Bank,* 688 S.W. 2d 414, 416 (Tenn. 1984) and *Duke v. Daniels*, 660 S.W.2d 793 (Tenn. Ct. App. 1983). We are of opinion that any damage Mr. Green claims to have suffered as a result of the execution sale can be appropriately redressed by appropriate amendment to his complaint on remand.

We are not unmindful of the issues in this appeal as articulated by Mr. Green, particularly, those relating to what he characterizes as the "seizure and sale of exempt property" and whether he was deprived a hearing on his claim of exemption prior to the execution sale.[9] Overriding those issues, however, is the question of what interest Mr. Green had in Champs-Elysees on December 22, 2006, and how that interest was documented in the corporate records.

Accordingly, for the reasons set forth herein, the judgment of the Chancery Court denying Mr. Green relief is vacated and the case remanded for further consideration.

Costs of this appeal are assessed to the parties, equally.

_____
RICHARD H. DINKINS, JUDGE

---

[9] Tenn. Code Ann. § 26-2-410 requires a hearing on a claim of exemption to be held within 14 days of the filing of the motion to quash. The record shows, however, that Mr. Green did not assign a value to the stock he claimed as exempt. Also, his motion to quash the execution was included as an alternative to the motion seeking to enjoin the execution sale and was filed on December 14, 2006. The court entered the order setting the January 5, 2007 hearing on the application for preliminary injunction on December 19; the record does not show what, if any, effort, Mr. Green made to advance the hearing on the preliminary injunction prior to December 22, the date of the execution sale.