NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0381n.06

No. 11-5300

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Apr 06, 2012**

LEONARD GREEN, Clerk

FIFTH THIRD BANK,                                     )
                                                      )          ON APPEAL FROM THE
       Plaintiff-Appellee,                            )          UNITED STATES DISTRICT
                                                      )          COURT FOR THE MIDDLE
v.                                                    )          DISTRICT OF TENNESSEE
                                                      )
DIAL PROPERTIES, LLC; JOHN LARRY DIAL;               )          O P I N I O N
JEFF DIAL,                                            )
                                                      )
       Defendants-Appellants.                         )

BEFORE:     COLE and McKEAGUE, Circuit Judges; and ZATKOFF, District Judge.*

       **PER CURIAM.** This is an appeal from a deficiency judgment rendered in favor of Plaintiff

Fifth Third Bank. Defendant Dial Properties, LLC, executed a Construction Promissory Note

("Note") by which the company received $600,000 from Fifth Third Bank. The Note was secured

by Deed of Trust to a property in Brentwood, Tennessee ("Brentwood property") and guaranteed by

Defendant John Larry Dial, Defendant Jeff Dial, and David Dial ("Guarantors").

       Dial Properties and the Guarantors defaulted when payment came due. Fifth Third foreclosed

on the Brentwood property and made a credit bid of $500,000 at a subsequent foreclosure sale, which

was the winning bid. Fifth Third then sought a deficiency judgment against Dial Properties and

Guarantors for the balance of the amount owed, in addition to interest, costs, back taxes, and

_____

       *The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District
of Michigan, sitting by designation.

appraisal and attorney fees.  Finding no genuine dispute of material fact, the district court granted Fifth Third's motion for summary judgment and awarded in damages the principal deficiency, interest, costs, and fees.  *Fifth Third Bank v. Dial Properties, LLC*, No. 3:09-cv-01202, 2011 WL 588148 (M.D. Tenn. Feb. 10, 2011).  Defendants appeal, arguing that no deficiency exists because an appraisal valued the Brentwood property at $625,000, a value in excess of the outstanding loan.

We first note that Defendant Jeff Dial filed a Suggestion of Bankruptcy during the pendency of this appeal.  A bankruptcy petition operates as a stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . . ." 11 U.S.C. § 362(a)(1).  We have held that "section 362 should be read to stay all appeals in proceedings that were *originally brought* against the debtor, regardless of whether the debtor is the appellant or appellee." *Cathey v. Johns–Manville Sales Corp.*, 711 F.2d 60, 62 (6th Cir. 1983).  "Thus, whether a case is subject to the automatic stay must be determined at its inception." *Id.*; *see also In re Delta Air Lines*, 310 F.3d 953, 956 (6th Cir. 2002) ("To determine whether a proceeding is 'against the debtor,' the court examines the posture of the case as it existed in the district court.").  Because this action was originally brought against the debtor, Jeff Dial, this appeal is stayed as against him.  We proceed on the merits against the remaining, solvent codefendants. *In re Delta Air Lines*, 310 F.3d at 956 ("In the absence of unusual circumstances, the automatic stay does not halt proceedings against solvent codefendants.").

The parties do not dispute the facts or the applicable law, only the application of the law to undisputed facts.  Thus, the case is an appropriate one for disposition on summary judgment.  Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

Defendants' assertions to the contrary are without merit.

We now turn to the substance of the appeal. The parties agree Tennessee law applies, which

we briefly outline here. The principles governing deficiency judgments in Tennessee were laid out

in *Duke v. Daniels*, 660 S.W.2d 793 (Tenn. Ct. App. 1983) and reaffirmed in *Lost Mountain Dev.*

*Co. v. King*, No. M2004-02663-COA-R3-CV, 2006 WL 3740791 (Tenn. Ct. App. Dec. 19, 2006):

> (1) [T]he value of the property sold is not looked to in a deficiency case unless there
> is a charge of fraud in the manner of sale or a charge that the sales price was grossly
> inadequate; (2) in the absence of an allegation of irregularity in the sale, there is a
> presumption that the price brought at the public sale is the fair market price of the
> property; and (3) where gross inadequacy is claimed, the burden of overcoming the
> presumption attached to a sale free of irregularity is on the defendant against whom
> a deficiency judgment is sought.

*Lost Mountain,* 2006 WL 3740791, at *5 (citing *Duke*, 660 S.W.2d at 794-95).[1]

Defendants have not argued that the sale itself was tainted by fraud or irregularity, aside from

vaguely asserting that "some issue exists with Appellee's intentional actions knowingly bidding less

at the foreclosure." Appellant Br. at 10. Defendants offer nothing more than repeatedly pointing out

that Fifth Third possessed an appraisal valuing the property at $625,000 before the sale but bid

$500,000. Given that the appraisal took place more than two months before the foreclosure sale,

explicitly noted that "the current market is characterized by a decline in demand . . . and a decline

in values in many market segments," and examined the exterior of the building only, assuming the

---

[1] Deficiency judgments in Tennessee are now governed by statute. *See* Tenn. Code Ann. §
35-5-118 (2012). The statute does not apply to this action because the Brentwood property was
foreclosed on August 3, 2009, before the statute's effective date on September 1, 2010. Both parties
agree that *Duke* and *Lost Mountain* apply here.

interior was in good condition, the fact that Fifth Third's bid was less than the appraisal value is unremarkable, much less an indication of fraud.

As we find no irregularity in the sale, there is a presumption that $500,000 was the fair market value of the Brentwood property at the time of foreclosure. Where gross inadequacy is claimed, as is here, Defendants bear the burden of overcoming this presumption. *Duke*, 660 S.W.2d at 795 ("[I]f the defendant desired to overcome that presumption by showing gross inadequacy, that burden of proof was on defendant."). Defendants seem to believe that merely coming up with an alternative value definitively rebuts such presumption and shifts the burden onto the Plaintiff to establish fair market price. We find no such burden-shifting scheme in the governing law. Any proofs a defendant submits to show gross inadequacy will have the effect of either failing to overcome such presumption, establishing the foreclosure sale price as the fair market value, or overcoming such presumption, in which case the fair market value becomes an issue of fact precluding summary judgment. *See, e.g.*, *Lost Mountain*, 2006 WL 3740791, at *11 (reversing grant of summary judgment where defendant submitted sufficient proof of gross inadequacy, which raised dispute of fact as to actual fair value).

As proof of gross inadequacy, Defendants have put forth the aforementioned exterior-only appraisal and a 1099-A form that lists the property's fair market value at $625,000. The district court found these insufficient to establish gross inadequacy and accordingly granted summary judgment in favor of Fifth Third, calculating the deficiency amount based on the $500,000 sale price. After carefully reviewing the applicable law, the record, and the parties' briefs, we conclude that the district court was correct. Because the district court thoroughly analyzed the issue, a separate

opinion by this Court would serve no useful purpose.  Thus, for the reasons stated in the district

court's opinion, we **AFFIRM**.