# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 10, 2013 Session

## FIRSTBANK v. HORIZON CAPITAL PARTNERS, LLC, ET. AL.

**Appeal from the Chancery Court for Hamilton County**
**No. 110823     Hon. W. Frank Brown, III, Chancellor**

---

**No. E2013-00686-COA-R3-CV-FILED-FEBRUARY 3, 2014**

---

This appeal concerns FirstBank's request for a deficiency judgment against Defendants following a foreclosure sale of real property. FirstBank filed a motion for summary judgment, asserting that it was entitled to judgment as a matter of law because there were no issues of material fact remaining. Defendants objected, asserting that the property sold for an amount materially less than the fair market value. The trial court granted FirstBank's motion, finding that Defendants failed to prove that the foreclosure price was materially less than the fair market value. Defendants appeal. We affirm the decision of the trial court and remand this case for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and D. MICHAEL SWINEY, J., joined.

James W. Clements, III, Chattanooga, Tennessee, for the appellants, Ladonna W. Safarriyeh and Mike M. Safari.

Walter N. Winchester and Joshua R. Holden, Knoxville, Tennessee, for the appellee, FirstBank.

## OPINION

## I. BACKGROUND

The facts of this case are largely undisputed. On December 4, 2008, Horizon Capital Partners, LLC ("Horizon") executed three notes to FirstBank with maturity dates of

approximately one year. The first note ("Note 1") carried an indebtedness of $200,800, while the second and third notes (respectively "Note 2" and "Note 3") each carried an indebtedness of $30,800. The notes were secured by three separate parcels of property located in Hamilton County, Tennessee. That same day, Ladonna W. Safarriyeh and Mike M. Safari (collectively "Defendants") executed "continuing guarant[ies]" for the repayment of Horizon's indebtedness with FirstBank regarding Notes 1, 2, and 3. Defendants constructed a home on the property that secured Note 1, but the other properties remained undeveloped.

The maturity date for each note was extended on at least two occasions before FirstBank foreclosed on each note. The property that secured Note 1 appraised for $240,000, while the empty lots appraised for $40,000. FirstBank held a foreclosure sale and purchased the properties for $192,000, $29,000, and $29,000 as the highest and only bidder. The empty lots were subsequently sold for $25,000 approximately 5 months after the foreclosure sale, while the property that secured Note 1 was sold for $215,000 approximately 17 months after the foreclosure sale. The deficiency amount owing on the debts without interest following the foreclosure sale was as follows: $44,997.78 for Note 1; $9,023.42 for Note 2; and $9,243.10 for Note 3.

FirstBank initiated this action by serving Defendants with a complaint, alleging that the Defendants were liable for the deficiency amounts following the foreclosure sale. Defendants answered the complaint by asserting that FirstBank improperly accelerated the notes when they had entered into a lease-purchase agreement prior to the foreclosure sale. Defendants alternatively argued that they were at least entitled to a reduction in the deficiency amount as a result of the funds yielded from the lease-purchase agreement.

FirstBank filed a motion for summary judgment with a supporting affidavit and a statement of material facts. Defendants generally agreed to the majority of the material facts but asserted that FirstBank was not entitled to summary judgment because at least one genuine issue of material fact remained, namely whether the sale price obtained was materially less than the fair market value at the time of the foreclosure sale. In support of their assertion, they claimed that the appraisal and the lease-purchase agreement evidenced that the sale price of the property that secured Note 1 was materially less than the fair market value. The appraisal valued the property at $240,000, while the lease-purchase agreement provided for a one-year lease of the property with an agreed purchase price of $259,900. Following arguments by counsel, the trial court granted the motion for summary judgment, holding that no genuine issues of material fact remained. In so holding, the trial court found that Defendants failed to establish that the sale price of the property that secured Note 1 was materially less than the fair market value at the time of the foreclosure sale. This timely appeal followed.

## II. ISSUES

We consolidate and restate the issues raised on appeal by Defendants as follows:

A. Whether the trial court erred in granting the motion for summary judgment.

FirstBank raised its own issue on appeal for our consideration that we restate as follows:

B. Whether FirstBank is entitled to attorney fees on appeal.

## III. STANDARD OF REVIEW

Summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion and (2) the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04. The Code provides,

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101.[1]

This court reviews a trial court's grant of summary judgment de novo with no presumption of correctness. *See City of Tullahoma v. Bedford Cnty.*, 938 S.W.2d 408, 412 (Tenn. 1997). In reviewing the trial court's decision, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox. Cnty. Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

---

[1]Tennessee Code Annotated section 20-16-101 is applicable because the complaint was filed on October 26, 2011. Defendants bore the burden of proof pursuant to Tennessee Code Annotated section 36-5-118(c).

## IV. DISCUSSION

### A.

Defendants assert that they presented enough proof to survive the motion for summary judgment and proceed to trial on the issue of whether the foreclosure price of the property that secured Note 1 was materially less than the fair market value. FirstBank responds that Defendants failed to carry their burden of proof because they did not introduce sufficient evidence to overcome the initial statutory presumption that the foreclosure price was equal to the fair market value of the property. They acknowledge that the lease purchase agreement contemplated a higher price but assert that Defendants failed to present any evidence establishing that the lessee was ready to exercise her option to purchase. On the contrary, lessee did not even present a bid at the foreclosure sale.

When a foreclosure sale of real property secured by a deed of trust fails to satisfy an indebtedness, the creditor may recover a "deficiency judgment in an amount sufficient to satisfy fully the indebtedness." Tenn. Code Ann. § 35-5-118(a). Absent fraud, collusion, misconduct, or irregularity in the foreclosure sale, "the deficiency judgment shall be for the total amount of indebtedness prior to the sale plus the costs of the foreclosure and sale, less the fair market value of the property at the time of the sale." Tenn. Code Ann. § 35-5-118(b). In such cases, "[t]he creditor shall be entitled to a rebuttable prima facie presumption that the sale price of the property is equal to the fair market value of the property at the time of the sale." Tenn. Code Ann. § 35-5-118(b); *see Duke v. Daniels*, 660 S.W.2d 793, 795 (Tenn. Ct. App. 1983). If a defendant raises gross inadequacy of the foreclosure price as a defense to the deficiency claim, the defendant "must prove by a preponderance of the evidence that the property sold for an amount materially less than the fair market value of property at the time of the foreclosure sale." Tenn. Code Ann. § 35-5-118(c); *see also Lost Mountain Dev. Co. v. King*, No. M2004-02663-COA-R3-CV, 2006 WL 3740791, at *8 (Tenn. Ct. App. Dec. 19, 2006) ("[T]he issue in deficiency actions is the fair market value of the property at the time it was sold.").

Defendants did not allege at the hearing or on appeal that the foreclosure sale itself was fraudulently conducted or irregular in any manner. In asserting their defense that the foreclosure price was materially less than the fair market value, Defendants claimed that either the lease purchase agreement that anticipated a sale price of $259,900, representing an approximate 24 percent increase from the foreclosure price, or the appraisal price of $240,000, representing an approximate 20 percent increase from the foreclosure price, established the fair market value of the property at the time of the sale.

Relative to the lease purchase agreement, the agreement at issue provided the lessee with the option to purchase the property at the expiration of a one-year lease period. Lease purchase agreements are conditional in nature, and there was no guarantee that the lessee in this case would exercise the option to purchase. Moreover, Defendants were tasked with establishing that the property sold for materially less than the fair market value at the *time of the sale*, not when the option to purchase vested seven months following the sale. *Duke v. Daniels*, 660 S.W.2d 793, 794 (Tenn. Ct. App. 1983) (providing that in deficiency judgment cases, the issue at trial is the value of the property at the time of foreclosure).

Despite the inapplicability of the lease purchase agreement, the parties necessarily agreed that the foreclosure price was 20 percent below the appraisal price. This court has refrained from establishing a "bright-line percentage, above or below which the statutory presumption is rebutted." *GreenBank v. Sterling Ventures, LLC*, No. M2012-01312-COA-R3-CV, 2012 WL 6115015, at *10-11 (Tenn. Ct. App. Dec. 7, 2012). Instead, this court has opted to consider the percentage difference along with the condition of the property and any other factors that may provide information concerning the marketability of the property and the surrounding area. *Id.*; *see also State of Franklin Bank v. Riggs*, No. E2010-01505-COA-R3-CV, 2011 WL 5090888, at *6 (Tenn. Ct. App. Oct. 27, 2011) (considering the demand for development and the economic climate in the surrounding area). The only additional evidence offered on the condition of the property in this case was provided by Defendants, who simply asserted that the property was complete and habitable as evidenced by lessee's occupation of the premises. While we are constrained to take the evidence in the view most favorable to the nonmoving party, Defendants are essentially asking this court to presume that the appraisal price was equal to the fair market value. Such is not the standard. With these considerations in mind, we conclude that Defendants failed to present sufficient evidence to rebut the presumption that the foreclosure price was equal to the fair market value of the property at the time of the sale. Accordingly, FirstBank was entitled to judgment as a matter of law because no genuine issues of material fact remained.

B.

FirstBank asserts that it is entitled to an award of attorney fees on appeal pursuant to the terms of the loan documents. Tennessee follows the American Rule which provides that "litigants pay their own attorney's fees absent a statute or an agreement providing otherwise." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000); *accord Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005). "Under the American [R]ule, a party in a civil action may recover attorney fees only if: (1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American [R]ule applies, allowing for recovery of such fees in a particular case." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009) (citing

*Taylor*, 158 S.W.3d at 359; *John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 534 (Tenn. 1998)).  Having reviewed the pertinent documents, we conclude that an award of attorney fees on appeal was contemplated in the loan documents.  Thus, we remand this case to the trial court for proceedings to determine the reasonable amount of such fees.

## V.  CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for proceedings consistent with this opinion.  Costs of the appeal are taxed equally to the appellants, Ladonna W. Safarriyeh and Mike M. Safari.

_____
JOHN W. McCLARTY, JUDGE