**Hoyte M. HOLT, Appellee,**

v.

**CITIZENS CENTRAL BANK; Donald E. Moser, Trustee; Richard E. Leddy, Substitute Trustee; Charles H. Lowe and wife, Johnnie Mae Lowe; Furman W. Elgin and wife, Olive C. Elgin; and Wendell T. Rowland, Trustee, Appellants.**

Supreme Court of Tennessee, at Nashville.

Dec. 17, 1984.

Rehearing Denied April 22, 1985.

Richard Leddy, Jim K. Duncan, W. Kennerly Burger, J. Mark Rogers, Murfreesboro, for appellants.

Patrick J. McHale, Murfreesboro, for appellee.

OPINION

FONES, Justice.

Plaintiff brought this action to set aside a foreclosure sale on the ground of inadequacy of price so great as to shock the conscience of the court. The trial court found that the inadequate sale price shocked its conscience, but that no irregularity or unfair circumstance was shown and refused to set aside the sale. The Court of Appeals agreed with the trial court's findings of fact but held that inadequacy of consideration so great as to shock the conscience of the court, standing alone, was sufficient to warrant voiding the sale. We granted defendant's rule eleven application to review the disagreement of the two lower courts on that legal issue.

I.

The facts reveal that on or about July 5, 1981, plaintiff, Hoyte Holt, defaulted on his payments on a note made in October 1974, payable to defendant, Citizens Central Bank. This note was secured by a deed of trust on real property located at 1009 West Lokey Street, Murfreesboro, Tennessee. Holt had purchased the property for $9,000 at an auction sale in 1973. He estimated its fair market value at $12,000 to $14,000 when he made the note for $8,600 with the bank. The property was a house that was converted into rental units and held as in-

come producing property by Holt, who was in the process of remodeling the house.

After several unsuccessful attempts to contact Holt about the default, the bank commenced foreclosure proceedings through its attorney, Richard Leddy, who sent a letter to Holt advising him of the foreclosure. Notice of the sale was published in a local newspaper, the *Murfreesboro Press,* on January 7, 14 and 21, 1982, and the sale was conducted on January 28, 1982. The bank complied with the provisions of the deed of trust and the laws of the State of Tennessee in foreclosing.

Defendant, Charles Lowe, who was a bona fide purchaser unconnected with defendant bank, purchased the property at the sale for $8,600.[1] Lowe had learned of the sale when he had seen it advertised in the local newspaper. Prior to purchasing the property, Lowe had driven by the house but had not been inside it or inspected it in any other manner. On February 8, 1982, ten days after he had purchased the property and after fully disclosing the facts of the purchase, Lowe sold the house to the defendant, Furman Elgin, for $30,000. There is no indication of collusion between Lowe or Elgin and the bank.

At trial, Holt claimed that he had not received notice of the foreclosure sale. The record, however, reveals that on the morning of the foreclosure sale Holt twice attempted to refinance the loan, and it was during this time that Holt claimed he first learned of the foreclosure proceedings. Neither the chancellor nor the Court of Appeals made any finding on whether Holt received actual notice, both stating that actual notice was not required under either the law or the deed of trust.

From his testimony, Holt appeared to be argumentative and unresponsive. Despite the fact that he was a self-employed businessman (a "remodeler" of residential buildings) who had borrowed money from the bank on several occasions, Holt demonstrated little understanding of the legal terms involved in loan transactions. The equities in this case, however, do not favor the plaintiff, Holt, who, for whatever reasons, appears to have simply disregarded his financial obligations on the mortgage payments too long.

## II.

The Court of Appeals reached the conclusion that two Tennessee cases, *Donaho v. Bales,* 59 S.W. 409 (Tenn.Ch.App.1900) and *Wright v. Wilson,* 10 Tenn. 294 (1829), established the rule that inadequacy of the price at a foreclosure sale that was so great as to shock the conscience of the court, without any other inequitable circumstance appearing, required a court of equity to set aside the sale. A number of other Tennessee cases were cited by that court, which it correctly noted involved some circumstance in addition to inadequacy of price so great as to shock the conscience of the court. *See, e.g. Watson v. United American Bank in Knoxville,* 588 S.W.2d 877 (Tenn.App.1979); *Pugh v. Richmond,* 58 Tenn.App. 62, 425 S.W.2d 789 (1967); *Mitchell v. Sherrell,* 11 Tenn.App. 210 (1929); *Meath v. Porter,* 56 Tenn. 244 (1872). The cited cases also state the rule so as to indicate that any inequitable circumstance will enhance an inadequate price into a conscience shocking price. The intermediate court held that the rule established in *Wilson* and *Donaho* had not been changed or modified by this Court and on the sole ground of a price so inadequate as to shock the conscience of the court, set aside the foreclosure sale.

The authority for the rule adopted in *Wilson* came from eighteenth and nineteenth century English cases that recognized the problem of establishing a rule predicated upon the vague and variable standard of what may shock the conscience of a court. In an effort to bring as much uniformity as possible to the application of

---

1. At the time of the sale Holt still owed approximately $6,000 on the note. The sale proceeds received from Lowe were applied to the mortgage balance of $5,032.44, a judgment lien the bank had obtained on a personal unsecured debt owed them by Holt in the amount of $2,773.50, and to various costs and expenses.

that standard Lord Thurlow, in *Gwynne v. Heaton*, 1 Br.Ch.Ca. 9, stated the rule to be that, "to set aside a conveyance, there must be an inequity so strong, gross and manifest, that it must be impossible to state to a man of common sense without producing an exclamation at the inequity of it."

Our reading of the cases in Tennessee and other jurisdictions reveals that while a price of ten percent of the fair market value would probably shock the conscience of any court, a few courts would be shocked by a price of fifty percent of the fair value. It seems hardly appropriate for a court to have such a delicate conscience that it is shocked by a sale price of fifty percent when it is well known that property often brings only one-half its true value at a forced sale under the best of circumstances. *See Wright v. Wilson, supra.* Thus, experience has confirmed the fears of the early English jurists that such a rule provided no practical guide for drawing the line between a merely inadequate price and a conscience shocking price. We agree with the suggestion of Judge Conner in his reluctant concurring opinion, wherein he suggests that neither buyers nor sellers can feel comfortable with the title to real estate if the sale brings less than the appraised value as long as the present Tennessee rule prevails.

In both *Wilson* and *Donaho* the secured creditor bid in the property not only for an amount less than the value of the property but also for a sum less than the amount of the debt owed. In *Donaho*, the secured creditor had sued the debtor for a deficiency judgment. In *Wilson*, the plaintiff, who was a surety of the debtor, was absent from the state at the time of the sale, which the creditors had surreptitiously held. However, the decision in each of those cases appears to have been predicated solely on the conscience shocking inadequacy of price, as construed by the Court of Appeals.

■ We are convinced that such a rule is impractical and should be abandoned. If a foreclosure sale is legally held, conducted and consummated, there must be some evidence of irregularity, misconduct, fraud, or unfairness on the part of the trustee or the mortgagee that caused or contributed to an inadequate price, for a court of equity to set aside the sale. *See Jinkins v. Chambers*, 622 S.W.2d 614 (Tex.App.1981), and *Swindell v. Overton*, 62 N.C.App. 160, 302 S.E.2d 841 (1983). That is the rule we adopt today and apply to this case.

■ The chancellor and the Court of Appeals have concurred in finding the sale legal in all respects and its only infirmity a conscience shocking inadequate price. That lone infirmity will no longer justify voiding a foreclosure sale.

The judgment of the Court of Appeals is reversed, that of the trial court affirmed, and the suit is dismissed at plaintiff's cost.

COOPER, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.

BROCK, Justice, concurring.

I concur in the Court's denial of relief to the appellee-mortgagor in this instance; the price obtained for his property at the foreclosure does not shock my conscience. However, I think that the Court goes too far, farther than is necessary or prudent, in holding:

"If a foreclosure sale is legally held, conducted and consummated, there must be more evidence of irregularity, misconduct, fraud or unfairness on the part of the trustee or mortgagor that caused or contributed to an inadequate price for a court of equity to set aside the sale."

I cannot, I do not, go that far. Gross inadequacy of the price obtained at such a forced sale, inadequacy so gross that the sale cannot, in good conscience, be permitted to stand should continue to be good reason in equity to warrant relief.