IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 25, 2011 Session

## JANICE BROOKS, ET AL. V. RIVERTOWN ON THE ISLAND HOMEOWNER ASSOCIATION, INC.

Direct Appeal from the Chancery Court for Shelby County
No. CH-10-1088-2     Arnold B. Goldin, Chancellor

No. W2011-00326-COA-R3-CV - Filed December 6, 2011

Appellee filed an action to set aside Defendant Homeowners' Association non-judicial foreclosure sale of a condo unit for allegedly unpaid homeowners' association fees. The trial court set aside the sale upon determining that there was no credible basis upon which to determine the amount due at the time of the sale. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Robin H. Rasmussen and James O. Evans, Memphis, Tennessee, for the appellant, Rivertown On The Island Homeowner Association, Inc.

Paul J. Springer, Memphis, Tennessee, for the appellees, Janice Brooks and Cedrick Wilson.

**MEMORANDUM OPINION**[1]

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This appeal arises from a complaint for temporary injunction or restraining order filed in the Chancery Court for Shelby County by Cedrick Wilson (Mr. Wilson) and Janice Brooks (Ms. Brooks, collectively, "Plaintiffs"), seeking to set aside a non-judicial foreclosure sale of a condominium unit on North Island Drive in Memphis. In their complaint, Plaintiffs asserted that, on May 14, 2010, Defendant Rivertown On The Island Homeowner Association, Inc.[2] ("Rivertown") wrongfully conducted a foreclosure sale of the unit on the basis of an arrearage in that amount of $12,828 in homeowners assessment fees from May 2008. Plaintiffs asserted that Mr. Wilson had purchased the unit in May 2008 for $321,000; that the unit was not subject to a mortgage; and that Mr. Wilson conveyed the unit to Ms. Brooks in January 2010. Plaintiffs further alleged that approximately $6,734.40 of the alleged deficiency in assessment fees were in fact attorney's fees; and that Rivertown purchased the property for $12,828. Plaintiffs also asserted that Rivertown knowingly and intentionally misrepresented that Plaintiffs had paid no assessment fees; that Rivertown's own ledger showed that fees of least $3,003 had been made between May 1,2008, and August 2009; and that at least one additional payment in the amount of $225 had been confirmed. Plaintiffs asserted the sale was not made in accordance with the Master Deed. Plaintiffs further asserted that on May 14, 2010, Rivertown had filed a Forcible Entry Detainer in the Shelby County General Sessions Court. Plaintiffs sought an injunction enjoining Rivertown from evicting Ms. Brooks; an accounting to determine the amount of assessments due; a determination that the foreclosure sale was void; and transfer of title to the property back to Ms. Brooks. Plaintiffs also sought damages in an amount to be determined by the court, and asserted a claim under the Tennessee Consumer Protection Act.

Rivertown answered in June 2010. In its answer, Rivertown admitted that the basis of the non-judicial foreclosure sale was outstanding assessment fees, attorney's fees, and expenses in the amount of $12,828.46. It denied allegations of wrong-doing, asserting the sale was conducted in accordance with the Master Deed and that the property was sold to the highest bidder for $12,828.46. Rivertown admitted that the foreclosure sale occurred without the consent of Mr. Wilson or Ms. Brooks, and that it purchased the property for $12,828.46 as the highest bidder.

The matter was heard in September and October, 2010. The trial court determined that Mr. Wilson lacked standing to contest the foreclosure sale where he had conveyed the property to Ms. Brooks, and dismissed him from the action. The trial court also dismissed

---

[2]The original complaint states the Defendant's name as Rivertown On The Island Homeowner Association, Inc. However, on the Defendant/Appellant's brief, as well as various places throughout the record, Defendant/Appellant's name is referred to as Rivertown On The Island Condominium Owners Association, Inc. For consistency and clarity we will refer to Defendant/Appellant as Rivertown On The Island Homeowner Association, Inc. ("Rivertown").

the consumer protection act claim, but specifically found that the claim was brought in good faith. After making extensive findings of fact, the trial court set aside the foreclosure sale and ordered title to the property to be revested into Ms. Brooks. The trial court dismissed Ms. Brooks claims for damages and all outstanding claims. Final judgment was entered in the matter on January 27, 2011, and Rivertown filed a timely notice of appeal to this Court.

### *Issues Presented*

Rivertown raises the following issues for our review:

1. [Whether] the trial court incorrectly applied Tennessee law regarding foreclosure sales to the facts of this case.

2. [Whether] the trial court was unfairly biased against the Association.

### *Standard of Review*

We review the trial court's findings of fact *de novo*, with a presumption of correctness, and will not reverse those findings unless the evidence preponderates against them. Tenn. R. App. P. 13(d); *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000). Insofar as the trial court's determinations are based on its assessment of witness credibility, we will not reevaluate that assessment absent evidence of clear and convincing evidence to the contrary. *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002). Our review of the trial court's conclusions on matters of law, however, is *de novo* with no presumption of correctness. *Taylor v. Fezell*, 158 S.W.3d 352, 357 (Tenn. 2005). We likewise review the trial court's application of law to the facts *de novo*, with no presumption of correctness. *State v. Thacker*, 164 S.W.3d 208, 248 (Tenn. 2005).

### *Discussion*

We first address Rivertown's assertion that the trial court was biased against it. Rivertown cites us to no motion for recusal in the record, and we find none. Rivertown asserts, however, that the trial court expressed a bias against it at the outset of the litigation by expressing its discomfort with a foreclosure sale in the amount of approximately $12,000 of a property valued in excess of $300,000 on the basis of unpaid homeowners' association fees in an uncertain amount. It is well-settled that a party may lose the right to assert bias and challenge a judge's impartiality in the absence of a motion for recusal filed soon after the facts giving rise to the allegation of bias become known. *E.g., Eldridge v. Eldridge*, 137 S.W.3d 1, 8 (Tenn. Ct. App. 2002)(citations omitted). The failure to file a motion for recusal results in a waiver of the issues. *Id.* Accordingly, in light of the absence of a motion to

recuse, Rivertown waived this issue.

We next turn to Rivertown's assertion that the trial court incorrectly applied Tennessee foreclosure law and set aside the foreclosure of Ms. Brooks' condo unit. Rivertown relies on *Holt v. Citizens Central Bank*, 688 S.W.2d 414 (Tenn. 1984), for the proposition that the trial court erred by setting aside the foreclosure sale on the grounds that the foreclosure sale in the amount of approximately $12,000 of a property valued in excess of $300,000 shocked the conscience of the court. Rivertown asserts that, under *Holt*, if the foreclosure sale is legally held and conducted, it can be set aside only where there is evidence that some misconduct or fraud on the part of the trustee or mortgagee contributed to the inadequacy of the sale price. Rivertown acknowledges, however, that the trial court held that the inadequate purchase price and irregularities in Rivertown's bookkeeping procedures warranted the setting aside of the foreclosure sale.

In *Holt*, the Supreme Court abandoned the rule that a foreclosure sale could be set aside "solely on the conscience shocking inadequacy of price." *Holt*, 688 S.W.2d at 416. Contrary to Rivertown's assertion, however, we do not read *Holt* as suggesting that, as long as the actual foreclosure sale is legally held and conducted, it will not be set aside. The *Holt* court stated, "that lone infirmity [inadequacy of sale price] will no longer justify voiding a foreclosure sale." *Id*.

The present case concerns a non-judicial foreclosure sale. In addition to finding that the foreclosure sale price shocked the conscience of the court, the trial court determined that various irregularities in Rivertown's bookkeeping justified setting aside the sale. In its January 27 order, the trial court found that it was "unclear as to what amount would have brought Plaintiff to a zero balance on assessments[.]" In its findings of fact, the trial court found that Mr. Wilson had purchased the property for $321,740.00 in a cash sale; that the Master Deed required the payment of an assessment in the amount of $199.00 per month; that between November 2008 and January 2009, Rivertown sent Mr. Wilson several demands for the payment of assessments; and that Mr. Wilson made various payments. The trial court found that, contrary to Ms. Brooks' assertion, Rivertown had passed an amendment to the Master Deed permitting a non-judicial foreclosure with a 30-day notice provision, and that the amendment was recorded in the Shelby County Register's Office. It further found that Rivertown began the non-judicial foreclosure proceeding in late 2009, and that Mr. Wilson quitclaimed the property to Ms. Brooks, his mother, in January 2010.

The trial court also made findings detailing the correspondence by Rivertown to Mr. Wilson and Ms. Brooks, and the payments made by Mr. Wilson. Upon review of the record, we cannot say the trial court erred in finding irregularities in Rivertown's bookkeeping, or in determining that it remained unclear what amount Ms. Brooks could have paid to bring

the account to zero. The trial court found that Mr. Wilson was never notified that his payments were being reduced by Rivertown's attorney's fees; that the amounts listed in the notices did not include those fees; that some amounts paid by Mr. Wilson were not credited until after the foreclosure sale; and that the account was not adjusted to show the correct amount until September 28, 2010, the day before trial. The trial court concluded that, on the date of the foreclosure, the amount owed was $6,405.52, which included damages from a prior judgment rendered in favor of Rivertown for property damage cause by Mr. Wilson's dog. The evidence in the record does not preponderate against these findings, and Rivertown does not dispute them.

Without opining on whether the amount of damages owed by Mr. Wilson by reason of the prior judgment in favor of Rivertown was properly included in the assessment amounts owed by Ms. Brooks, we agree with the trial court that these bookkeeping, accounting, and notice irregularities warrant setting aside the foreclosure sale. Rivertown never notified Ms. Brooks of an amount certain that could be paid to avoid foreclosure. Further, Rivertown was unable to provide a correct accounting until the day this matter was tried. Although the shocking inadequacy of the foreclosure sale price, standing alone, would not be grounds for setting the sale aside, the inadequacy of notice and the undisputed accounting and bookkeeping irregularities warrant the trial court's judgment in this case. The non-judicial foreclosure proceedings in this case arose from sloppy bookkeeping making it impossible to determine the amount owed.

We do not believe *Holt* stands for the proposition that a homeowner's association may conduct a non-judicial foreclosure sale without an accurate accounting of the amount owed, and without an accurate notice to the homeowner of the amount certain which must be paid on a date certain to avoid foreclosure. Assuming the supreme court's holding in *Holt* is applicable to a non-judicial foreclosure sale on the basis of unpaid homeowner association fees, the foreclosure sale cannot be conducted before the correct determination of the sum actually owed. This runs counter to our notions of fairness.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Costs of this appeal are taxed to Rivertown On The Island Homeowner Association, Inc., and its surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE