# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
October 23, 2014 Session

## EVERBANK ET AL. v. TOMMY J. HENSON ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH110570     Walter L. Evans, Chancellor**

---

**No. W2013-02489-COA-R3-CV - Filed January 9, 2015**

---

EverBank, the assignee and current owner of a promissory note secured by a previously recorded second-priority deed of trust, and Mortgage Electronic Registration Systems, Inc. ("MERS"), which was identified in the second-priority deed of trust as the beneficiary of record and "nominee for Lender and Lender's successors and assigns," filed this action to set aside a foreclosure sale and to recover damages from the trustee acting pursuant to the first-priority deed of trust for failure to identify MERS as an interested party in the notice of the foreclosure sale as required by Tenn. Code Ann. § 35-5-104. The trial court summarily dismissed the claims against the trustee holding that the plaintiffs failed to record their interests in the property in order to put creditors or any purchasers on notice. The trial court also refused to set aside the foreclosure sale upon the ground that the plaintiffs lacked standing and that the new owners were bona fide purchasers for value; thus, the trial court found that they acquired the property free and clear of any unrecorded interests. We have determined that MERS' interest was of record and that the trustee had an affirmative duty to identify MERS as an interested party in the notice of the foreclosure sale pursuant to Tenn. Code Ann. § 35-5-101 et seq., yet the trustee failed to do so. Accordingly, MERS is entitled to seek restitution from the trustee pursuant to Tenn. Code Ann. § 35-5-107, which provides that any person referenced in Tenn. Code Ann. § 35-5-106 who fails to comply with this chapter is "liable to the party injured by the noncompliance, for all damages resulting from the failure." As for setting aside the foreclosure sale, although MERS has standing to bring the claim, it failed to state a claim upon which to set aside the sale, for the mere failure of a trustee to comply with the provisions of Tenn. Code Ann. § 35-5-101 et seq. is insufficient to set aside a foreclosure sale. We, therefore, affirm the dismissal of the claim to set aside the foreclosure sale, reverse the dismissal of MERS' claim against the trustee to recover its damages, and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed in Part, Reversed in Part, and Remanded**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

T. William A. Caldwell and David B. Herbert, Nashville, Tennessee, for the appellants, EverBank and Mortgage Electronic Registration Systems, Inc.

JoAnn T. Sandifer, pro hac vice, St. Louis, Missouri, for the appellant, Mortgage Electronic Registration Systems, Inc.

Tommy J. Henson and Linda S. Henson, Water Valley, Mississippi, pro se.

Glen G. Reid, Jr., Kathryn K. Van Namen, and Jordan Elliot Reifler, Memphis, Tennessee, for the appellee Bank of Bartlett.

Michael G. Derrick and Phillip C. Bass, Memphis, Tennessee, for the appellee, Wendy Geurin Smith.

Sam Blaiss, Memphis, Tennessee, for the appellees, James K. Winter and Patsy H. Winter.

## OPINION

Tommy and Linda Henson owned two parcels of real property in Shelby County, Tennessee. In 1998, the Hensons obtained a $50,000 loan from the Bank of Bartlett, secured by both parcels of land through a deed of trust which was recorded by the Bank of Bartlett in the Shelby County Register's Office ("Bartlett Deed"). In 2003, the Hensons obtained an additional loan for $162,000 from Plaza Mortgage Company that was secured by a second-priority deed of trust ("Plaza Deed"). The Plaza Deed identified MERS as the holder of legal title to the security lien, it identified MERS as the beneficiary of the Plaza promissory note acting as "nominee for Lender and Lender's successors and assigns," and it granted MERS, *inter alia*, the right to foreclose and sell the property.[1] The Plaza Deed was

---

[1]The Plaza Deed additionally provides under TRANSFER OF RIGHTS IN THE PROPERTY:

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property.

(continued...)

duly recorded on July 8, 2003, in the Register's Office of Shelby County, Tennessee.

Subsequently, Plaza Mortgage assigned its interest in the Plaza Deed and accompanying promissory note to Flagstar Bank, and, in 2006, Flagstar assigned all of its interests to EverBank. Neither Flagstar nor EverBank recorded their interest in the subject property, relying on the fact that MERS was identified in the duly recorded Plaza Deed as the beneficiary of the Plaza promissory note acting as nominee for "Lender's successors and assigns."

In 2009, the Bank of Bartlett appointed Wendy G. Smith as successor trustee of its first-priority deed of trust and instructed her to conduct a foreclosure sale of the parcels of land pursuant to the Bartlett Deed. In the foreclosure notice, Ms. Smith identified the current owners of record and, under "other interested parties," she listed only Plaza Mortgage. Notice of the foreclosure sale was published in the local newspaper, *The Daily News*, on May 7, 14, and 21, of 2009. Written notice of the foreclosure sale was also provided to Plaza Mortgage on May 4, 2009; however, notice was not provided to MERS.

The foreclosure sale took place on May 28, 2009, and the Bank of Bartlett was the successful bidder and purchased both parcels of land for $20,863.92. The Bank of Bartlett took title to the property under the Trustee's Deed, dated June 1, 2009, and recorded with the Register's Office. On June 26, 2009, James and Patsy Winter purchased one of the two parcels of land for approximately $110,000. The Bank of Bartlett transferred the parcel via a Special Warranty Deed, which the Winters subsequently recorded.

EverBank did not become aware of the foreclosure sale until September 2009. On April 1, 2011, EverBank and MERS commenced this action against the Hensons, Wendy G. Smith ("the trustee"), the Bank of Bartlett, and the Winters, to set aside the foreclosure sale and recover damages against the trustee.

The trustee filed a motion for summary judgment, arguing that MERS was not entitled to notice of the foreclosure sale because it was not a "party interested" as that term is used

---

[1](...continued)

. . .

Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender, including, but not limited to, releasing and canceling this Security Instrument.

in Tenn. Code Ann § 35-5-104(d). The Winters joined in the summary judgment motion and also filed a Tenn. R. Civ. P. 12.02(6) motion to dismiss, arguing that they were bona fide purchasers for value of the property.

The trial court granted the trustee's motion for summary judgment, finding:

[T]he trustee discharged her duties under the statute and Deed of Trust and she had no duty to provide any additional notice to either EverBank or MERS, as those parties failed to record any instrument in the Shelby County Register's Office as required by law to give the substitute trustee notice of the need to notify either EverBank or MERS of the foreclosure sale or include them as interested parties in the published notice. In order to protect their interest, if any, in the property, Everbank and MERS were required to record in the Shelby County Register's Office. Their failure to so record, under Tennessee law, has exposed them to the risk of losing their rights to notice and right to proceed to protect their interest.

With respect to the current owners of the property, James K. Winter and Patsy H. Winter, the Court concludes that they are bona fide purchasers for value of the property without notice of any other interest and, thus, take the property free and clear of any unrecorded interest claimed by EverBank or MERS. Moreover, the Court concludes that neither EverBank nor MERS has standing with respect to the purchase of the property by [the Winters].

Pursuant to the above, the trial court summarily dismissed the claims against the trustee and the Winters and, additionally, granted the Winters' Rule 12 motion to dismiss the claim to set aside the foreclosure sale. This appeal followed.

In this appeal, EverBank and MERS (collectively "Plaintiffs") contend that because MERS was identified in the Plaza Deed as the beneficiary of record and nominee for the owner of the promissory note, its successors and assigns, MERS was to be identified as an interested party in the notice of foreclosure sale pursuant to the Bartlett Deed and Tenn. Code Ann. § 35-5-104 prior to any sale that would eliminate the interests of MERS or the interests of those whom MERS served as beneficiary of record. They also contend MERS has standing to seek damages on its own behalf and on behalf of the owner of the promissory note, EverBank. Plaintiffs also contend they have standing to set aside the foreclosure sale.

**ANALYSIS**

**I. SUMMARY DISMISSAL OF CLAIM FOR DAMAGES AGAINST TRUSTEE**

We begin our discussion with the trial court's determination that it was undisputed that both EverBank and MERS "failed to record any instrument in the Shelby County Register's Office as required by law to give the substitute trustee notice of the need to notify either EverBank or MERS of the foreclosure sale or include them as interested parties in the published notice." Although EverBank did not record its interest in the property, we respectfully disagree with the trial court's finding that MERS did not. Contrary to the trial court's finding of fact, it is undisputed that MERS was properly identified in the 2003 Plaza Deed as the "beneficiary" and "nominee for Lender and Lender's successors and assigns" with the right "to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender, including, but not limited to, releasing and canceling this Security Instrument."

The foregoing notwithstanding, the trustee asserts that MERS lacks an independent interest in the property, which precludes it from being entitled to notice as a "party interested" pursuant to the statute. More specifically, the trustee asserts MERS is not the "*record holder* of any mortgage, deed of trust, or other lien." Tenn. Code Ann. § 35-5-104(d) (2007) (emphasis added).

The Bartlett Deed required the trustee to give notice of the date, time and place of the Bartlett foreclosure sale *in accordance with applicable law*. The applicable law is set forth in the statutory scheme codified at Tenn. Code Ann. § 35-5-101 et seq. Tenn. Code Ann. § 35-5-104 provides in pertinent part:

(a) *The advertisement or notice shall*:

(1) *Give the names of* the plaintiff and defendant, or *parties interested*;
. . .

(d) For the purposes of this section, "*parties interested*" includes, without limitation, the record holders of any mortgage, deed of trust, *or other lien that will be extinguished or adversely affected by the sale* and which mortgage, deed of trust, or lien, or notice or evidence thereof, was recorded more than ten (10) days prior to the first advertisement or notice in the register's office of the county in which the real property is located.

(Emphasis added).

-5-

Whether MERS is or is not the "*record holder* of any mortgage, deed of trust, or other lien," as the trustee contends, it cannot be disputed that MERS, at the very least, qualifies as having a recorded interest in a *lien that will be extinguished or adversely affected by the sale*. Accordingly, by the express terms of Tenn. Code Ann. § 35-5-104(d), MERS qualifies as an *interested party* and the statute requires that the foreclosure advertisement and notice provide the names of interested parties.

We are mindful that MERS has only been the subject of one appellate decision in Tennessee, that being *Mortgage Electronic Registration Systems, Inc. v. Ditto*, No. E2012-02292-COA-R3-CV, 2014 WL 24439 (Tenn. Ct. App. Jan. 2, 2014), *appeal granted* (Oct. 20, 2014), which, unlike the case at bar, arises out of a tax sale, not a foreclosure sale, and we find the facts and circumstances of that case distinguishable from this case. Moreover, the issues in *Ditto* are now before the Tennessee Supreme Court. Nevertheless, we shall discuss *Ditto* as well as decisions from other jurisdictions to examine the role of MERS as it pertains to the issues presented.

Generally stated, MERS provides "an electronic registration system for tracking interests in mortgage loans." *Ditto*, 2014 WL 24439, at *1. Lenders who join the MERS system designate MERS as a beneficiary or nominee when executing a deed of trust. *Id*. MERS then "tracks the sale of the mortgage and is tasked with providing the current lender with any notices concerning the property throughout the life of the mortgage." *Id*. As a result, "the lender is able to sell the mortgage to another MERS member without having to record the transfer in the county office, thereby avoiding the payment of recording fees." *Id*. In effect, MERS "[avoids] the need to record multiple transfers of the deed by serving as the nominal record holder of the deed on behalf of the original lender and any subsequent lender." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1039 (9th Cir. 2011).[2]

The federal courts in Tennessee and courts in other jurisdictions have consistently upheld the validity of MERS' role as nominee for a lender's successors and assigns and as beneficiary under a deed of trust. *See Dauenhauer v. Bank of New York Mellon*, No. 3:12-CV-01026, 2013 WL 2359602, at *3 (M.D. Tenn. May 28, 2013) *aff'd*, 562 F. App'x

---

[2]The trustee argues that this court should not consider information regarding MERS' business model because it was "not part of the record or available to the chancery court in granting the trustee's motion for summary judgment." However, information regarding MERS and its business model was discussed in Plaintiffs' Memorandum in Opposition to Defendant Wendy G. Smith's Motion for Summary Judgment, and the trustee did not object in her Reply Brief in Support of Motion for Summary Judgment. Moreover, during the hearing on the motion, both the trustee's counsel and MERS' counsel addressed and explained MERS' business model without objection from any party.

473 (6th Cir. 2014) (the court held that MERS could validly assign the Note as nominee of the lender or lender's assigns and could assert an interest in the subject property as beneficiary of the deed of trust); *Samples v. Bank of Am., N.A.*, No. 3:12-CV-44, 2012 WL 1309135, at *3-4 (E.D. Tenn. April 16, 2012) (finding claims based on an invalid assignment or the role of MERS in mortgage transactions, when MERS is named in the deed of trust as the beneficiary and nominee for the lender and its assigns, failed as a matter of law); *In re Mortg. Elec. Regis. Sys. Litig.*, MDL No. 09-2119-JAT, 2011 WL 4550189, at *3-4 (D. Ariz. Oct. 3, 2011) (finding a deed of trust can grant MERS authority as the beneficiary of the deed and nominee for the note holder); *Golliday v. Chase Home Fin., LLC*, No. 1:10-cv-532, 2011 WL 4352554, at *7 (W.D. Mich. Aug. 23, 2011) ("Over the twenty years that MERS has existed, borrowers who have defaulted on their loan obligations have attempted, without success, to attack the validity of the mortgage based on the involvement of MERS.").

However, this court, in the recent decision in *Ditto*, ruled that MERS had no standing to set aside a tax sale despite being identified as the nominee and beneficiary in a duly recorded deed of trust. In that case, prior property owners failed to remit the applicable taxes on the property, and a delinquent tax suit was filed by the county. *Ditto*, 2014 WL 24439, at *2. The previous owners and the lender were provided notice of the suit, but MERS was not provided notice. *Id*. After the property sold, MERS brought suit to set aside the tax sale alleging that the sale was unconstitutional and should be set aside because it never received notice of the delinquent tax suit or the corresponding sale. *Id*. The trial court refused to set aside the tax sale, finding that MERS was not entitled to notice because it had "no legal or equitable interest in the property sold and [was] not a creditor having a lien on the property." *Id*. The trial court "concluded that the delinquent tax attorney fulfilled the notice requirements of section 67-5-2502 by issuing notice to the [previous owners] and [the lender], the only parties revealed in the records search that held a valid interest in the property." *Id*. On appeal we held that "MERS was never given an independent interest in the property," because the previous owners "were instructed to mail payments and notices to the current lender that held the promissory note, while MERS solely recouped payment for its services from the current lender and was specifically relegated to the role of nominee relative to the interests transferred by the [previous owners]." *Id*. at *5. Therefore, this court held that MERS did not have standing to file suit to set aside the tax sale. *Id*.

While there are similarities between *Ditto* and the case at bar, including similar language found in the deed of trust regarding MERS, we respectfully disagree with the holding in *Ditto* and find more persuasive the reasoning in the cases decided by the federal courts and courts in other jurisdictions referenced above. *See Dauenhauer*, 2013 WL 2359602; *Samples*, 2012 WL 1309135; *In re Mortg. Elec. Regis. Sys. Litig.*, 2011 WL 4550189; *Golliday*, 2011 WL 4352554.

The Plaza Deed identified MERS as the beneficiary of record with the express authority to act as *the nominee of the lender, its successors and assigns*. According to Black's Law Dictionary, a "nominee" is "a person designated to act in place of another, usu[ally] in a very limited way," and a "party who holds bare legal title for the benefit of others or who receives and distributes funds for the benefit of others." BLACK'S LAW DICTIONARY 1211 (10th Ed. 2014). In fact, the Plaza Deed further states that MERS "holds only legal title to the interests granted by Borrower in this Security Instrument," and grants MERS the right "to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender, including, but not limited to, releasing and canceling this Security Instrument." As a result, MERS holds legal title to the secured interest and is the beneficiary of record, as the nominee or agent for the lender, its successors and assigns, of which EverBank is the current assignee.

Moreover, an interest in legal title has been held to be sufficient to bring an action at law, and, therefore, a property interest protected by due process. *Sprint Communications Co. v. APCC Services, Inc.*, 554 U.S. 269 (2008); *see also Mortgage Elec. Registration Sys., Inc. v. Bellistri*, No. 4:09-CV-731 CAS, 2010 WL 2720802, at *9 (E.D. Mo. July 1, 2010). The Plaza Deed expressly conveys unto MERS the right to enforce the lien on the property, including, but not limited to, the right to foreclose and sell the property. The Supreme Court of the United States has held that such a lien is a "substantive right . . . in specific property," including the "right to retain the lien until the indebtedness thereby secured is paid." *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 590, 594 (1935); *see also Bellistri*, 2010 WL 2720802, at *14.

The Plaza Deed was duly recorded in 2003 with the Shelby County Register's Office. As a consequence of its recording, the trustee was on notice of MERS' role as beneficiary of the deed as nominee for lender, *its successors and assigns*. As the beneficiary and nominee for the Lender's successors and assigns, MERS was the entity entitled to enforce the deed of trust because it was identified as the *holder* of legal title to the security lien. Moreover, the Plaza Deed granted MERS power to exercise all of the rights of the note owner under the security instrument. Limiting notice to simply the original lender, when the recorded document clearly indicates the lender may assign his interest to another lender, would, as it did here, allow elimination of the security instrument without any notice to the entity holding legal title to the security interest and the current note holder, which would adversely affect the note owners' ability to collect the debt from the security.

Therefore, based on MERS' ownership of legal title and its interest in the lien as beneficiary of the recorded Plaza Deed, MERS is a "party interested" pursuant to Tenn. Code Ann. § 35-5-104(d) because it is "the record holders of any mortgage, deed of trust, or other lien that will be extinguished or adversely affected by the sale and which mortgage, deed of

-8-

trust, or lien, or notice or evidence thereof, was recorded more than ten (10) days prior to the first advertisement or notice in the register's office of the county in which the real property is located." As a result, the trustee failed to comply with the notice requirements and, as such, "is . . . liable to the party injured by the noncompliance, for all damages resulting from the failure." Tenn. Code Ann. § 35-5-107 (2007). Thus, we reverse the summary dismissal of the claim against the trustee for damages pursuant to Tenn. Code Ann. § 35-5-107.

We next address whether the complaint stated a claim upon which relief can be granted to set aside the foreclosure sale.

## II. DISMISSAL OF CLAIM TO SET ASIDE FORECLOSURE SALE

The trial court dismissed the claim to set aside the foreclosure sale upon a Tenn. R. Civ. P. 12.02(6) motion by the successful purchasers at the foreclosure sale, the Winters. More specifically, the court granted the Rule 12.02(6) motion upon the findings that the Winters took the property free and clear of any unrecorded interest claimed by EverBank or MERS because they were bona fide purchasers for value of the property without notice of any other interest. The trial court also held that neither EverBank nor MERS has standing with respect to the purchase of the property by the Winters.

We have already determined that MERS is a "party interested" pursuant to Tenn. Code Ann. § 35-5-104(d) because it is the record holder of a lien that will be extinguished or adversely affected by the foreclosure sale, and for this reason MERS has standing to pursue the claims asserted in this action. Therefore, standing is not a ground upon which to dismiss any of MERS' claims. Because MERS has standing, we shall now address whether the complaint states a claim upon which the foreclosure sale can be set aside.

The standards by which Tennessee courts are to assess a Rule 12.02(6) motion to dismiss are well established. As our Supreme Court stated in *Webb v. Nashville Area Habitat for Humanity, Inc*., 346 S.W.3d 422, 426 (Tenn. 2011), "[a] Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Id*. "The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone." *Id*. By filing a motion to dismiss, the defendant "'admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" *Id*. (citations omitted). When a complaint is challenged by a Rule 12.02(6) motion, the complaint should not be dismissed for failure to state a claim *unless* it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999) (citing *Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997)). Making such a determination is a question of law. Our review of a trial court's determinations on issues of

law is de novo, with no presumption of correctness. *Id*. (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997)).

The statutory scheme for the sale of land to foreclose a deed of trust is set forth in Tenn. Code Ann. § 35-5-101 et seq., and the statute that pertains to the claim to set aside the foreclosure sale is Tenn. Code Ann. § 35-5-106, which provides that should a sale proceed without complying with "the provisions of this chapter, the sale shall not, on that account, be either void or voidable." As noted earlier, Tenn. Code Ann. § 35-5-104 requires that the advertisement and notice of the foreclosure sale identify "parties interested" in the land, which includes the record holders of any mortgage, deed of trust, or other lien that will be extinguished or adversely affected by the sale. However, the mere failure to identify or provide notice to an interested party does not provide sufficient grounds to set aside a foreclosure sale. *McSwain v. Am. Gen. Fin., Inc.*, 1994 WL 398819, at *2-3 (Tenn. Ct. App. July 22, 1994) (failure to notify junior lien holder of foreclosure sale pursuant to statute did not render sale void or voidable); *see also Nationstar Mortg., LLC v. Humphrey*, No. 11-2185-STA, 2011 WL 3273077, at *4-5 (W.D. Tenn. July 29, 2011); *Federal Nat. Mortg. Ass'n v. Robilio*, No. W2007-01758-COA-R3-CV, 2008 WL 2502114, at *7 (Tenn. Ct. App. June 24, 2008) (citing *Doty v. Fed. Land Bank of Louisville*, 89 S.W.2d 337 (Tenn. 1936); *Williams v. Williams*, 156 S.W.2d 363, 369 (Tenn. Ct. App. 1941).

Nevertheless, a foreclosure sale may be set aside if the interested party can show evidence of "irregularity, misconduct, fraud, or unfairness on the part of the trustee or the mortgagee that caused or contributed to an inadequate price." *Holt v. Citizens Central Bank*, 688 S.W.2d 414, 416 (Tenn. 1984); *B & H Invs. v. Brooks*, No. W1999-01252-COA-R3-CV, 2000 WL 1141566, at *2 (Tenn. Ct. App. Aug. 10, 2000). Furthermore, the parties to a deed of trust are not limited to the terms of the sale provided in the foreclosure statutes; they may vary the terms of foreclosure by contract, and "where a deed of trust provision varies from the statutory requirements, that term will generally supersede the statutory requirement." *Wells Fargo Bank, N.A. v. Lockett*, No. E2013-02186-COA-R3-CV, 2014 WL 1673745, at *2 (Tenn. Ct. App. April 24, 2014) (quoting *CitiFinancial Mortg. Co., Inc. v. Beasley*, No. W2006-00386-COA-R3-CV, 2007 WL 77289, at *9 (Tenn. Ct. App. Jan. 11, 2007)).

With these legal principles in mind, we shall examine the allegations in the complaint, which we accept as true for purposes of a Tenn. R. Civ. P. 12.02(6) motion to dismiss, to determine whether they are sufficient to state a claim to set aside the foreclosure sale. *Webb*, 346 S.W.3d at 426. The allegations that relate to the claim to set aside the foreclosure sale read as follows:

18. The Bartlett Deed of Trust required that Smith, as successor trustee, give notice of the date, time and place of the Bartlett Foreclosure Sale *in accordance with applicable law*.

19. *The applicable law, namely Tennessee law, requires that notice be given to all "parties interested."* MERS, as the named beneficiary under the Plaza Deed of Trust, would have been one of the "parties interested" to whom notice of the Bartlett Foreclosure Sale should have been given.

20. The purpose of MERS being named as beneficiary under the Plaza Deed of Trust was to ensure that any assignee or successor of the original note secured by the Plaza Deed of Trust would receive notice, as assignments of deeds of trust are generally not recorded in most states, including Tennessee.

21. *Smith, as successor trustee, failed to give notice of the Bartlett Foreclosure Sale to MERS*. Had MERS received notice, it would have contacted EverBank, as successor to Plaza Mortgage, and EverBank would have bid at that such sale to protect its secured interest (namely, a loan secured by the Real Property that had an original principal balance of $160,000).

22. *The price obtained by the successor trustee at Bartlett Foreclosure Sale of $20,863.92 was grossly inadequate or unfair*, especially in light of the fact that a cursory review of the public records would have shown that the indebtedness originally incurred by the Hensons to the Plaza Mortgage was in the original principal amount of $160,000; therefore, the Real Property must have been worth far more than the bid price. Furthermore, there was an irregularity in the Bartlett Foreclosure Sale in that the Smith [sic], as successor trustee, *failed to comply with the express terms of the Bartlett Deed of Trust requiring her to advertise the sale in accordance with applicable law*. The successor trustee's power of sale contained in the Bartlett Deed of Trust was expressly conditioned upon her complying with applicable Tennessee law.

23. The Winters are not bona fide purchasers for value of the Real Property, as they would have had constructive notice of the defect in the non-judicial foreclosure proceedings conducted by Smith. The Notice, which did not include MERS as an interested party, is available and should have been reviewed by the Winters (or their advisors) prior to their purchase of the Real Property.

(Emphasis added).

Based upon the above, we accept as true: (1) that the Bartlett Deed of Trust required Smith to give notice of the foreclosure sale in accordance with applicable law; (2) Tennessee was the applicable law, which required that notice be given to all "parties interested"; (3) that MERS, as the named beneficiary under the Plaza Deed of Trust, was one of the "parties interested" to whom notice of the Bartlett Foreclosure Sale should have been given; and (4) that the price obtained at the foreclosure sale was "grossly inadequate or unfair." Accepting these alleged facts to be true, the question is whether they are sufficient, as a matter of law, to set aside the foreclosure sale and the resulting deed. *See Webb*, 346 S.W.3d at 426.

We have already noted that the mere failure to give notice of the foreclosure sale in accordance with applicable law is not sufficient to set aside a foreclosure sale. *See* Tenn. Code Ann. § 35-5-106; *McSwain*, 1994 WL 398819, at *2-3; *Nationstar*, 2011 WL 3273077, at *4-5. Therefore, the failure to provide notice to MERS fails to state a viable claim to set aside the foreclosure sale.

As for a sale price that is "grossly inadequate or unfair," this fact alone is also insufficient to state a claim to set aside a foreclosure sale. *Holt*, 688 S.W.2d at 416; *see also Brooks*, 2000 WL 1141566, at *2. As these two cases make clear, a foreclosure sale may be set aside if the interested party can show evidence of "irregularity, misconduct, fraud, or unfairness on the part of the trustee or the mortgagee that caused or contributed to an inadequate price"; yet, in the complaint here, there are no allegations of irregularity, misconduct, fraud or unfairness *on the part of the trustee*. Therefore, the mere fact that the sale was for a price that was grossly inadequate or unfair fails to state a claim to set aside the foreclosure sale.

Finally, we note that the complaint makes a passing reference to the trustee's failure to comply with the contractual provisions of the Deed of Trust; however, this allegation is merely derivative of the trustee's failure to comply with applicable law as distinguished from a failure to comply with a specific provision of the Deed of Trust that varies the applicable law. As noted earlier, the parties are free to "vary the terms of foreclosure by contract, and where a deed of trust provision varies from the statutory requirements, that term will generally supersede the statutory requirement," *CitiFinancial Mortg. Co.*, 2007 WL 77289, at *9; however, the complaint merely states that "The Bartlett Deed of Trust required that Smith, as successor trustee, give notice of the date, time and place of the Bartlett Foreclosure Sale *in accordance with applicable law*."[3] The complaint does not allege that the substitute

---

[3]In *Nationstar Mortg., LLC v. Humphrey*, 2011 WL 3273077, at *5, the court found that similar language in the deed of trust did not vary the statutory requirements. In that case, the deed of trust stated, "If Lender invokes the power of sale, Trustee shall give notice of sale by public advertisement in the county in

(continued...)

trustee failed to comply with a term of the Deed of Trust that varied from applicable law. In that the complaint fails to identify any specific term of the Deed of Trust that varies from the statutory requirements as having been violated by the trustee, this fact provides no basis upon which to set aside the deed. *See Nationstar*, 2011 WL 3273077, at *5 (finding that plaintiff failed to state a claim to set aside the foreclosure sale based on the failure to comply with a notice provision originating in the deed of trust because parties to the deed of trust did not vary any of the statutory requirements).

Having concluded that MERS has failed to state a claim for setting aside the foreclosure sale, we affirm the trial court's decision to dismiss this specific claim without prejudice to MERS' right to seek restitution from the substitute trustee as provided in Tenn. Code Ann. § 35-5-107 pursuant to which "Any officer, or other person, referenced in § 35-5-106 who fails to comply with this chapter . . . is . . . liable to the party injured by the noncompliance, for all damages resulting from the failure."

## IN CONCLUSION

The judgment of the trial court is affirmed in part and reversed in part, and this matter is remanded for further proceedings consistent with this opinion. One-half of the costs of appeal are assessed against EverBank and MERS, and one-half are assessed against Wendy Geurin Smith and the Bank of Bartlett.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[3](...continued)
which the Property is located for the time and in the manner *provided by applicable law*." (Emphasis added.)

-13-