IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 1, 2019

FILED
06/12/2019
Clerk of the
Appellate Courts

## MICHAEL McKENZIE v. BRANDYWINE HOMEOWNERS' ASSOCIATION, INC.

Appeal from the Chancery Court for Shelby County
No. CH-16-1422    JoeDae L. Jenkins, Chancellor

No. W2018-01859-COA-R3-CV

This appeal involves a non-judicial foreclosure by Brandywine Homeowners' Association (the HOA) for non-payment of assessments due to the HOA by former property owner, plaintiff Michael McKenzie.  It is undisputed that there was no irregularity in the recording, notice or foreclosure of the HOA's lien on the property. Plaintiff argues that the foreclosure sale price, $4,445.90, is shockingly low in light of the trial court's finding that the property was worth about $100,000.  Plaintiff does not allege, nor did the trial court find, any "misconduct, fraud, or unfairness on the part of the [HOA] that caused or contributed to an inadequate price." *Holt v. Citizens Central Bank*, 688 S.W.2d 414, 416 (Tenn. 1984).  The trial court granted the HOA summary judgment, refusing plaintiff's request to set aside the foreclosure on equitable grounds. Because the Supreme Court in *Holt* held that the "lone infirmity" of a "conscience shocking inadequate price . . . will no longer justify voiding a foreclosure sale," *id.*, we are compelled to affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Ted I. Jones, Memphis, Tennessee, for the appellant, Michael McKenzie.

Dawn Davis Carson, Hal S. Spragins Jr., and Dylan J. Gillespie, Memphis, Tennessee, for the appellee, Brandywine Homeowners' Association, Inc.

# OPINION

The trial court succinctly set forth the pertinent facts in its order granting summary judgment. Neither party takes issue with any of these findings. The following is a verbatim quote from the trial court's order, with numbering omitted and the sentences re-organized into paragraphs.

> This is an action for damages and to set aside the non-judicial foreclosure of certain real estate formerly owned by the plaintiff . . . (the "Property"). The Property is subject to certain covenants, conditions, and restrictions found in the Declaration of Covenants, Conditions, and Restrictions (the "CCR"). Article VII, Sections 1 and 2 of the CCR subject all owners of real estate in the Brandywine subdivision to certain assessments or dues for the regular operation and upkeep of the subdivision.
>
> In the event of nonpayment of assessments or dues, the CCR permits the defendant homeowners' association (the "HOA") to place a lien on the relevant lot for the outstanding amount, plus interest and collection costs. The CCR further provides that the HOA may proceed directly against the delinquent homeowner for the amount owed or foreclose the lien and sell the lot at a public auction. Should the HOA choose to foreclose its lien, the CCR provides certain prerequisite conditions: the time and place of the foreclosure sale must be published for twenty-one (21) days by three (3) consecutive weekly publications in a newspaper circulated in Shelby County, Tennessee, and the owner of the subject lot must be notified of the time and place of the sale by written notice at his or her last known address.
>
> On July 11, 2014, the HOA placed and recorded a lien on the Property following the plaintiff's nonpayment of assessments levied pursuant to the CCR. On July 20, 2015, the HOA obtained a judgment against the plaintiff in the Shelby County General Sessions Court for the outstanding assessment amount. The HOA then opted to foreclose its lien on the Property, and notified Plaintiff of its intent and the time and place of the foreclosure sale by certified mail to the plaintiff's

last known address and published the same in The Memphis Daily News for three consecutive weeks.

On June 17, 2016, the foreclosure sale took place, and the HOA, the sole bidder, obtained the property for $4,445.90. The property had a fair market value of approximately $100,000.00 at the time of the foreclosure sale.

The foreclosure sale price shocks the Court's conscience; however, pursuant to **Brooks v. Rivertown on the Island Homeowner Association, Inc.**, No. W2011-00326-COA-R3-CV, 2011 WL 6034781 (Tenn. Ct. App. Dec. 6, 2011), applying **Holt v. Citizens Central Bank**, 688 S.W.2d 414 (Tenn. 1984), a conscience-shocking foreclosure sale price standing alone, absent some irregularity in the foreclosure sale, is not sufficient grounds for setting aside a lawful foreclosure sale.

There is no evidence of any irregularity in the recording, notice, or foreclosure of the HOA's lien on the Property. The HOA is not pursuing a deficiency judgment against Plaintiff. The HOA has sufficiently demonstrated that no basis exists to support setting aside the June 17, 2016 foreclosure sale of the Property.

Plaintiff testified by deposition. He said that he owns several residences and splits his time among those in New Orleans, Lake Charles, Louisiana, and Miami, Florida. He expected most of his mail to go to P.O. Box 308 in Metairie, Louisiana. This is the address to which the HOA sent its required notices. Plaintiff further testified that he "didn't have anyone really checking the mail," and that he thought the HOA had been dissolved because a check he had sent to it was returned.

On appeal, plaintiff raises the issue, as quoted from his brief, of whether the trial court erred in granting summary judgment and "in affording no relief when finding that the foreclosure sale was 'shocking.' " There are no facts in dispute. The question is whether the following principles and the rule announced in **Holt** applies to preclude the setting aside of the foreclosure sale:

The Court of Appeals reached the conclusion that two Tennessee cases, **Donaho v. Bales**, 59 S.W. 409 (Tenn. Ch. App. 1900) and **Wright v. Wilson**, 10 Tenn. 294 (1829),

established the rule that inadequacy of the price at a foreclosure sale that was so great as to shock the conscience of the court, without any other inequitable circumstance appearing, required a court of equity to set aside the sale.

\* \* \*

We are convinced that such a rule is impractical and should be abandoned. If a foreclosure sale is legally held, conducted and consummated, there must be some evidence of irregularity, misconduct, fraud, or unfairness on the part of the trustee or the mortgagee that caused or contributed to an inadequate price, for a court of equity to set aside the sale. That is the rule we adopt today and apply to this case.

The chancellor and the Court of Appeals have concurred in finding the sale legal in all respects and its only infirmity a conscience shocking inadequate price. That lone infirmity will no longer justify voiding a foreclosure sale.

*Holt*, 688 S.W.2d at 415, 416. The Supreme Court's language in *Holt* is unambiguous and largely inflexible. Justice Brock, in his separate concurrence, recognized this, stating, "I think that the Court goes too far, farther than is necessary or prudent[.]" *Id.* at 416.[1] Nonetheless, the rule is clearly and absolutely stated.

The trial court and both parties cite and rely upon the case of *Brooks v. Rivertown on the Island Homeowner Ass'n, Inc.*, 2011 WL 6034781. In fact, *Brooks* is the only opinion other than *Holt* cited in plaintiff's brief, and the HOA also discusses it at some length. However, this opinion was entered under Rule 10 of the Rules of the Court of Appeals, which, as *Brooks* itself observes, states that it "shall not be cited or relied on for

---

[1] Eight years after *Holt*, Judge Goddard echoed this concern in a separate concurrence, saying:

I concur that the result reached by the majority is mandated by current case law. I do, however, question the determination in *Holt* that inadequacy of sales price alone is never a sufficient ground to set aside a foreclosure sale no matter how gross the inadequacy.

*McDill Columbus Corp. v. The Lakes Corp.*, No. 03A01-9112-CV-00445, 1992 WL 115576, at \*2 (Tenn. Ct. App., filed June 1, 1992) (Goddard, J., concurring). The Supreme Court denied permission to review the *McDill* decision.

any reason in any unrelated case." ***Id.*** at \*1, n.1. The reliance on ***Brooks*** stems from the fact that it is apparently the only Tennessee case involving a non-judicial foreclosure by a homeowners' association wherein the Court applied the ***Holt*** rule. Still, Court of Appeals Rule 10 renders such reliance and citation improper.

This Court has cited and applied ***Holt*** numerous times in the thirty-five years since it became the rule in Tennessee. *See, e.g.,* ***Greenbank v. Thompson***, No. E2010-00160-COA-R3-CV, 2010 WL 5549231, at \*6 (Tenn. Ct. App., filed Dec. 29, 2010) ("Unless there is evidence demonstrating irregularity, misconduct, fraud, or unfairness during the foreclosure sale, Tennessee law accords conclusive effect to the price produced through the foreclosure sale, even where the sale price is shockingly disproportionate to the actual value of the Property.") (internal quotation marks and brackets omitted); ***Conway v. Eastern Savings Bank***, No. W2005-02919-COA-R3-CV, 2006 WL 3613605, at \*4 (Tenn. Ct. App., filed Dec. 11, 2006); ***Young v. Bank One, N.A.***, No. M2003-01359-COA-R3-CV, 2004 WL 2098284, at \*1 (Tenn. Ct. App., filed Sept. 20, 2004); ***Orlando Residence, Ltd. v. Nashville Lodging Co.***, 104 S.W.3d 848, 855 (Tenn. Ct. App. 2002); ***Decatur County Bank v. Smith***, No. W1999-02022-COA-R3-CV, 1999 WL 1336042, at \*4 (Tenn. Ct. App., filed Dec. 27, 1999) ("the inadequacy of consideration received on foreclosure, even if 'shockingly inadequate,' does not justify voiding the sale, if the sale is legal in all other respects"). Although a somewhat different analysis applies if there is a deficiency judgment associated with the foreclosure sale, *see* ***Lost Mtn. Dev. Co. v. King***, No. M2004-02663-COA-R3-CV, 2006 WL 3740791, at \*4-\*5 (Tenn. Ct. App., filed Dec. 19, 2006), there was no deficiency judgment entered in this case.

Consequently, we must affirm. Although we are sympathetic to plaintiff's position that the foreclosure sales price was extremely low relative to the property's value, this fact standing alone cannot warrant relief under the rule set forth by the Supreme Court in ***Holt***. If the rule is to be altered, it must be done by the High Court, not this Court.

The summary judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant, Michael McKenzie. The case is remanded to the trial courts for collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE